Anita Hoffman, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued October 7, 1977, before Judges CRUMLISH, JR. and WILKINSON, JR., sitting as a panel of two.

*Ronald Smolow,* with him *Marcel L. Groen,* and *Goren, Von Rosenstiel, Smolow & Burkett,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., February 23, 1978:

Anita Hoffman (Claimant/Appellant) appeals a decision of the Unemployment Compensation Board of Review (Board/Appellee) which found that her appeal from a decision of the referee was untimely.

Upon her discharge from employment by the Muscular Dystrophy Association, Claimant applied for unemployment compensation benefits. The Bureau of Employment Security disallowed the benefits and, on

appeal, the referee sustained the disallowance, deciding that Claimant's discharge was a voluntary quit under Section 402(b)(1) of the Unemployment Compensation Law (Law).[1] The referee's decision was published and mailed on February 26, 1976, and received by Claimant on February 28. Claimant then appealed to the Board by letter dated March 8, 1976, but postmarked March 9, 1976, eleven days after the mailing of the referee's decision.[2]

Section 502 of the Law, 43 P.S. §822, states in relevant part:

The parties and the department shall be duly notified of the referee's decision, and the reasons therefor, which shall be deemed the final decision of the Board, *unless within ten days after the date of such decision the Board acts on its own motion, or upon application, permits any of the parties or the department to institute a further appeal before the Board.*[3] (Emphasis added.)

Section 505 of the Law, 43 P.S. §825, gives the Board authorization to promulgate rules governing the manner in which appeals are to be filed. Pursuant to this mandate, the Board provided that to be timely, an appeal must be mailed within ten days following

---

[1] Act of December 5, 1936, P.L. (1937) 2897, *as amended*, 43 P.S. §802(b)(1).

[2] 1976 was a "leap year," and the tenth day following the issuance of the referee's decision fell on Sunday, March 7, 1976. It is well established that where the tenth day of an appeal period falls on a Sunday, the appeal period is to be extended to the next business day. *See DiFrancis v. Unemployment Compensation Board of Review*, 17 Pa. Commonwealth Ct. 514, 333 A.2d 202 (1975). Thus, Monday, March 8, 1976, was the last day within which to file an appeal.

[3] This section was amended on April 14, 1976, to extend the appeal period from ten to fifteen days. The amendment was effective immediately and had no retroactive application.

the posting of the referee's decision, and the mailing date is determined by the postmark date. *See* Section 101. 82(d) of the Rules of Unemployment Compensation Board of Review, 34 Pa. Code, §101.82.

Claimant argues that the operative act initiated by the Board's regulations is "mailing" and argues that the Board's postmark rule is unreasonable. We disagree. The postmark is the easiest and most reliable source from which one can determine the precise timing of the "mailing."

Absent deprival by the Board of Claimant's right to appeal via fraud, negligence or wrongful conduct, she may not excuse her tardiness. These issues were not raised and are not considered herein.

Accordingly, we

### ORDER

AND Now, this 23rd day of February, 1978, the decision of the Unemployment Compensation Board of Review is affirmed.