Robert Williams, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs April 6, 1983, to President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and BARBIERI, sitting as a panel of three.

*Jerome L. Munford, Canty and Munford,* for petitioner.

*Francine Ostrovsky,* Associate Counsel, with her *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BARBIERI, June 23, 1983:

The claimant, Robert Williams, appeals here from an order of the Unemployment Compensation Board of Review (Board), dismissing his appeal to that Board, and from a referee's decision denying him unemployment benefits, as being untimely filed under Section 502 of the Unemployment Compensation Law (Law), Act of December 5, 1936, P.L. (1937) 2897, *as amended,* 43 P.S. §822.

On October 22, 1980, an unemployment referee issued a decision denying the claimant unemployment benefits under Sections 401(d)(1) and 402(a) of the Law, 43 P.S. §§801(d)(1) and 802(a). A copy of this decision was mailed to the claimant, and was accompanied by a notice informing him that unless he filed

an appeal within 15 days of the referee's decision, the referee's decision would become final. Since the last day of the 15 day appeal period was on a holiday, November 11, 1980, the claimant had until the next business day, November 12, 1980, to file his appeal.

Counsel for the claimant sent a letter of appeal to the Board bearing a private postage meter mark dated November 11, 1980, and a postmark dated November 13, 1980 by the post office authorities. Thereafter, counsel for the claimant received a letter from the Board informing him that his appeal appeared to be untimely, and offered him the opportunity for a hearing on the timeliness of his appeal. A hearing was held, and on February 11, 1981, the Board issued a decision finding that the claimant did not timely file his appeal under Section 502 of the Law. Section 502 provides in part that unless an appeal is filed within 15 days after a referee's decision, the referee's decision shall be deemed final.

It is the appellant's contention that the record in this case is insufficient and inadequate as a matter of law and fact to support the finding and conclusion of the Board that his appeal was untimely filed. In order to address this contention by the claimant, we must review the record in this case, and determine whether or not the Board's findings are supported by substantial evidence and, if so, whether the facts as found by the Board, can sustain the conclusion, as a matter of law, that the claimant's appeal was untimely filed. *See* Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

The findings of fact made by the Board pertinent to the filing of the claimant's appeal are as follows:

1. On October 27, 1980, the Referee issued a decision ruling the claimant ineligible to receive benefits.

2. A copy of this decision was mailed to the claimant at his last known post office address on the same date.

3. This copy of the decision was not returned by the postal authorities for failure to make delivery.

4. The decision was accompanied by notice to the effect that the interested parties had 15 days in which to file a valid appeal.

5. The last day of the 15-day appeal period fell on November 11, 1980, which was a holiday. Therefore, the appeal period was automatically extended under the Statutory Construction Act to the next business day, which was November 12, 1980.

6. The claimant did not file an appeal from the Referee's decision until November 13, 1980.

7. The claimant was not misinformed or misled by the unemployment compensation authorities concerning his rights to appeal.

After a review of the record in this case, we conclude that these findings are supported by substantial evidence. Of particular interest is the testimony of claimant's counsel, appearing alone at the Board's hearing, as to how the claimant's letter of appeal was prepared. Counsel testified that on November 11, 1980, the claimant contacted his office, and on that same day he prepared a letter of appeal to the Board and enclosed this letter in an envelope which he placed in an interoffice box for mailing. He further testified that after placing this letter in the interoffice box, it was the responsibility of the clerical help in the office to see that the mail was properly stamped and mailed. Counsel had no actual knowledge, therefore, as to when his letter of appeal was metered or mailed with the posal authorities.

Section 101.82(d) of Title 34 of the Pennsylvania Code provides that if an appeal to the Board is delivered by mail, then the date of the initiation of the appeal shall be determined from the postmark appearing upon the envelope in which the appeal is mailed. In that the letter received by the Board was postmarked November 13, 1980, we cannot conclude that the Board erred in finding that the claimant's appeal was untimely filed. *Hoffman v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 20, 382 A.2d 797 (1978).

The order of the Board is hereby affirmed.

ORDER

AND Now, this 23rd day of June, 1983, the order of the Unemployment Compensation Board of Review, dated February 11, 1981, No. B-192215, is hereby affirmed.