614 A.2d 332

**E.B.S., Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 16, 1992.

Decided Aug. 12, 1992.

Reconsideration Denied Sept. 21, 1992.

Richard Kirschner, for petitioner.

Clifford Blaze, Deputy Chief Counsel, for respondent.

Before SMITH and KELLEY, JJ., and LORD, Senior Judge.

SMITH, Judge.

Employee Benefit Services, Inc. (E.B.S.) petitions for review of the order of the Unemployment Compensation Board of Review (Board) which affirmed the referee's decision dismissing E.B.S.'s appeal from a determination of the Bureau of Unemployment Compensation Benefits and Allowances (Bureau) as untimely filed. The issues E.B.S. raises for review are whether private postage meter stamps are recognized as presumptive proof of filing pursuant to 34 Pa.Code § 101.-

82(d) [1] and whether the Board exceeded its statutory authority by holding that private postage meter stamps are insufficient to establish the date of filing of an appeal.[2]

On January 24, 1991, the Bureau issued its notice of determination that E.B.S. was the employer of Robert M. Murray and that he was eligible for benefits under Section 402(h) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(h). This notice specifically indicated that the last day to file an appeal therefrom was February 8, 1991, that an appeal not delivered in person could be filed by mail, and that a mailed appeal must be postmarked on or before the last day to appeal. E.B.S.'s appeal, received on February 13, 1991, was by mail, and the envelope bore an official U.S. postmark of February 11, 1991 and also a private postage meter stamp of February 8, 1991. Based on the U.S. postmark, E.B.S.'s appeal was deemed untimely filed.

The referee scheduled a hearing on E.B.S.'s appeal for March 7, 1991 at which the only issue to be considered was the timeliness of the appeal. The referee granted E.B.S.'s telephone request for a continuance and rescheduled the hearing for March 27, 1991, again with the proviso that only the timeliness issue would be considered. Prior to this hearing, E.B.S. submitted a petition to determine that the appeal was timely and to proceed to hearing on the merits of the case. The petition refers to the private postal meter stamp date of February 8, 1991 and explains that E.B.S. "assumes" that the envelope was either misplaced at the post office or was overlooked in the mailbox on Friday, February 8, 1991. No-

1. 34 Pa.Code § 101.82(d) provides: "The date of initiation of an appeal delivered by mail, either on the prescribed appeal form or by any form of written communication, shall be determined from the *postmark* appearing upon the envelope in which the appeal form or written communication was mailed." (Emphasis added.)

2. This Court's scope of review in unemployment compensation cases is to determine whether the findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. *Chamoun v. Unemployment Compensation Board of Review,* 116 Pa.Commonwealth Ct. 499, 542 A.2d 207 (1988).

where in the petition does E.B.S. specifically allege that the appeal was, in fact, mailed on February 8 or by whom it was mailed.

E.B.S. failed to appear at the March 27, 1991 hearing. On March 28, 1991, the referee issued her decision and found, inter alia, that E.B.S. was neither misinformed nor in any way misled regarding the right of appeal and that E.B.S. did not file an appeal until February 11, 1991. The referee dismissed E.B.S.'s appeal for failure to comply with Section 501(e) of the Law, 43 P.S. § 821(e), which provides in part that appeals must be filed within fifteen days after the notice of determination. On appeal, the Board found, among other things, that although duly notified of the time and place E.B.S. failed to appear at the March 27, 1991 hearing to provide competent evidence concerning the timeliness of its appeal and concluded that the private postage meter stamp was insufficient to establish the date of filing of the appeal.

E.B.S., while citing no authority, contends that private postal meter marks are universally recognized as an official mark of mailing by the U.S. postal service and by the courts. In *Williams v. Unemployment Compensation Board of Review*, 75 Pa.Commonwealth Ct. 172, 461 A.2d 643 (1983), a case factually similar to the matter sub judice, the claimant was notified that he had until November 12, 1980 to file an appeal from a referee's decision. Counsel for the claimant forwarded a letter of appeal to the Board bearing a private postage meter stamp dated November 11, 1980, and an official U.S. postmark dated November 13, 1980. This Court reviewed 34 Pa.Code § 101.82(d) and noted that the date of initiation of the appeal shall be determined from the U.S. postmark, thus concluding that the claimant's appeal was untimely filed. A reading of *Williams* demonstrates that this Court rejected the notion that a private postage meter stamp would be sufficient to establish the initiation date of an appeal where the item mailed also contains a U.S. postal mark.

E.B.S.'s arguments are predicated upon an alleged fact not of record: that the appeal letter was placed in a U.S. postal service mailbox on February 8, 1991 which was located in its

counsel's office building. E.B.S. had an opportunity to appear at a hearing to establish that its appeal was timely mailed and thus timely filed. *Trans–Eastern Inspection, Inc. v. Unemployment Compensation Board of Review,* 54 Pa.Commonwealth Ct. 262, 420 A.2d 1354 (1980). However, in its appeal to the Board, E.B.S. asserted that its appearance at the March 27, 1991 hearing would have been redundant and duplicative in light of the petition submitted to the referee. Since E.B.S.'s position hinges on whether the letter of appeal was *actually* mailed before the expiration of the appeal period, E.B.S. must offer evidence to substantiate its allegation.

In *Miller v. Unemployment Compensation Board of Review,* 505 Pa. 8, 476 A.2d 364 (1984), the appellant established a record which "show[ed] clearly and without dispute that the petition for review was timely mailed prior to the . . . jurisdictional deadline." *Id.* at 14, 476 A.2d at 367. Here, E.B.S. made no such showing before either the referee or the Board. Faced with nothing more than the indirect reference in E.B.S.'s petition submitted to the referee that the appeal was mailed on February 8, 1991, the Board did not err in concluding that E.B.S.'s appeal was filed on the date of the official U.S. postmark.

Similarly, E.B.S.'s argument that the Board exceeded its statutory authority by engaging in administrative rulemaking is without merit. The Board neither re-defined 34 Pa.Code § 101.82(d) nor did it alter or narrow the terms of the Law. The Board merely complied with its own regulation consistent with a manner previously approved by this Court in *Williams* and in *Hoffman v. Unemployment Compensation Board of Review,* 34 Pa.Commonwealth Ct. 20, 382 A.2d 797 (1978) where the claimant's appeal letter was dated the last day of the appeal period but was postmarked the next day. This Court dismissed the appeal and held that the Board's regulations require that the mailing date be determined by the postmark date. This Court stated that "the postmark is the easiest and most reliable source from which one can determine the precise timing of the 'mailing.'" *Id.* at 23, 382 A.2d at 799. Moreover, 34 Pa.Code § 101.82(d) permits the postmark

date to count as the date of actual receipt and "gives significance to a postmark as a matter of grace with respect to a mail filing." *Moss v. Unemployment Compensation Board of Review,* 125 Pa.Commonwealth Ct. 466, 469, 557 A.2d 839, 840 (1989).

Since the Board committed no error of law and its findings are supported by substantial evidence, the Board's order must be affirmed.

## ORDER

AND NOW, this 12th day of August, 1992, the order of the Unemployment Compensation Board of Review is affirmed.