**GANNETT SATELLITE INFORMATION NETWORK, INC., d/b/a The Public Opinion, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 24, 1995.

Decided July 10, 1995.

J. McDowell Sharpe, for petitioner.

Irene M. Bizzoso, Asst. Counsel, for respondent.

Before DOYLE and KELLEY, JJ., and NARICK, Senior Judge.

DOYLE, Judge.

Gannett Satellite Information Network, d/b/a The Public Opinion (Employer), appeals a determination of the Unemployment Compensation Board of Review which held that Employer's appeal to the referee was untimely filed.

Larry Selby (Claimant) was employed by Employer as a route carrier. Claimant separated[1] from his employment with Employer. He applied for and was granted unemployment benefits by a determination of the Cumberland Valley Job Center (OES), and the Notice of Determination was mailed on March 24, 1994. Employer decided to appeal this determination, which was due fifteen days later, on April 8, 1994. The appeal was not received until April 11, 1994. The appeal letter was contained in an envelope which had only a private postage meter mark on it,[2] and did not bear a United States Postal Service postmark. The referee held a special hearing on the issue of the timeliness of the appeal.

At the hearing Employer presented the testimony of its counsel, Attorney J. McDowell Sharpe, who prepared the appeal, and two of the secretaries in his office. Attorney Sharpe testified that the appeal letter was prepared on Friday, April 8, 1994, and was placed in the outgoing letter bin sometime in the early afternoon. Kimberly West testified that, as a receptionist, it was part of her responsibility to run the outgoing mail through the postage meter, divide the letters into two groups, one going out-of-town and one for local delivery, and place both groups in the appropriate post office box on her way home from work. She also testified that no letters are mailed from the office on Saturdays or Sundays because there is no one in the office on those days. Mary Rosenberry, also a receptionist, testified that her duties were identical to Ms. West's, and that she was responsible for preparing the mail on Friday, April 8, 1994. She stated that when she left the office at five o'clock on that day all of the letters in the basket had been placed in the mail. Attorney Sharpe testified that he also checked the basket on his way home that evening and that no letters remained to be mailed.

Based on the foregoing, the referee found that Employer's appeal was timely filed on April 8, 1994, but, deciding the merits,[3] determined that Claimant was entitled to benefits. Employer appealed to the Board. The Board held that, absent an official U.S. Postal Service postmark, the date an appeal is **received** initiates the appeal; since the appeal here was not received until Monday, April 11, 1994, it was untimely. Accordingly, the Board vacated the referee's decision and

---

1. The record does not appear to indicate the reason for Claimant's separation from his job.

2. It was unclear whether the meter mark was dated April 8, 1994, the last day the appeal could be filed, or April 9, 1994. The referee determined that the meter mark was dated April 8, 1994.

3. Evidently Claimant's eligibility for benefits turned on whether or not he was an employee or was an independent contractor.

dismissed the Employer's appeal but also affirmed the determination of the Cumberland Valley Job Center awarding benefits. This appeal followed.

Employer argues that sufficient evidence was presented to establish that its appeal was placed in the mail on April 8, 1994, and was, therefore, timely.

■ Section 501(e) of the Law [4] provides that:

Unless the claimant or last employer.... files an appeal with the board, from the determination contained in any notice required to be furnished by the department ... *within fifteen calendar days* after such notice was delivered to him personally, or was mailed to his last known post office address, and applies for a hearing, such determination of the department ... shall be final and compensation shall be paid or denied in accordance therewith.

(Emphasis added.)

The date an appeal is initiated "shall be determined from the postmark appearing upon the envelope in which the appeal form or written communication was mailed." 34 Pa.Code § 101.82(d). The requirement that an appeal be filed within fifteen days is jurisdictional, precluding either the Board or a referee from further considering the matter. *Darroch v. Unemployment Compensation Board of Review*, 156 Pa.Commonwealth Ct. 435, 627 A.2d 1235 (1993).

■ We have held several times that a private postage meter mark is not the equivalent of an official U.S. Postal Service mark, and is not determinative of the timeliness of an appeal. *E.B.S. v. Unemployment Compensation Board of Review*, 150 Pa.Commonwealth Ct. 10, 614 A.2d 332 (1992); *see also Williams v. Unemployment Compensation Board of Review*, 75 Pa.Commonwealth Ct. 172, 461 A.2d 643 (1983). We have also recently held that the "regulation [34 Pa. Code § 101.82(d) ] as drafted does not recognize placing an appeal in the mail as the initiation of the appeal. The regulation recognizes only the postmark date...." *Ed-*

*wards v. Unemployment Compensation Board of Review*, 162 Pa.Commonwealth Ct. 698, 702, 639 A.2d 1279, 1281 (1994). The U.S. postmark, as opposed to a private meter postmark or testimony concerning the placing of the appeal in the mail box, is virtually unassailable evidence of the time of mailing of an appeal.[5] Accordingly, we hold that when the envelope containing the appeal does not have an official U.S. postmark, it must be deemed filed when received. *See also Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review*, —— Pa.Commonwealth Ct. ——, 661 A.2d 505 (1995). Since the appeal was received on April 11, 1994, three days after the expiration of the appeal period, it was untimely, and thus properly dismissed.

Employer relies for authority on the Supreme Court's decision in *Miller v. Unemployment Compensation Board of Review*, 505 Pa. 8, 476 A.2d 364 (1984), which is, admittedly, factually similar but not identical, to the case before us now. *Miller* involved a petition for review of a decision of the Board filed in this Court, which was due by Friday, September 17, 1982:

Appellants' petition for review was mailed by appellant counsel's secretary on Wednesday, September 15, 1982 from the United States Post Office in Clairton, Pennsylvania. The petition was sent by certified mail return receipt requested. Because the secretary did not mail the petition until after 5:00 P.M. on the 15th, she could not obtain a postal form 3817 or have the certified mail form date-stamped. The petition was not clocked and docketed in the Prothonotary's office until 9:20 A.M. or 9:52 A.M., Monday, September 20th.

*Id.* at 11–12, 476 A.2d at 366 (footnote omitted). The Supreme Court noted that

[i]t must be possible to determine the timeliness of a filing from either the face of the document or from the internal records of the court. It would be inefficient and unduly burdensome to require courts to hold

---

4. Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937), 2897, *as amended*, 43 P.S. § 821(e).

5. Employer has not argued that a breakdown in the postal system occurred. *See Darroch.*

evidentiary hearings to determine timeliness. Any such rule would defeat the purpose the timeliness requirements are meant to accomplish.

*Id.* at 13, 476 A.2d at 366. The Court went on to take judicial notice of the hours and activities of the U.S. Post Office in Harrisburg. Based on its determination that the main Post Office in Harrisburg was closed on Saturday and Sunday, it inferred that the appeal must have been in the post office on Friday the 17th in order to be received by this Court on Monday the 20th. Thus the Supreme Court held that the appeal should be deemed timely filed.

However, *Miller* is distinguishable on two grounds. First, *Miller*, turned, in part, on the Supreme Court's interpretation of the Rule of Appellate Procedure which provided that petitions for review must be received within thirty days, Pa.R.A.P. 1514, and Pa. R.A.P. 105(a) permits liberal construction of the rules of procedure by permitting "substantial compliance" to those rules. Thus, in *Miller* the Supreme Court held that the appellant had "substantially complied" with Rule 1514 by providing evidence that the appeal had been placed in the mail before the expiration of the appeal period. However, the regulations governing unemployment compensation appeals do not provide for "substantial compliance." We have often held that the appeal provisions of the Law are mandatory, and absent an adequate excuse, failure to file an appeal within the time prescribed requires the appeal to be dismissed. *See, e.g., United States Postal Service v. Unemployment Compensation Board of Review,* 152 Pa.Commonwealth Ct. 603, 620 A.2d 572 (1993).

Second, a court should defer to an administrative agency's interpretation of its own regulation unless such interpretation is clearly erroneous or is inconsistent with the regulation or statute under which it was promulgated. *Edwards.* In this case, the Board held that Employer's failure to obtain an official U.S. postmark resulted in the appeal being filed when it was received, and not when it was placed in the mail. This interpretation of 34 Pa.Code § 101.82(d) is not erroneous or inconsistent. *See Edwards* (the Board erroneously failed to follow its own regulation by allowing testimony of the deposit of the appeal with the post office to constitute the date of filing rather than the postmark date, as defined by the regulation).[6]

Accordingly, the order of the Board is affirmed.

### *ORDER*

NOW, July 10, 1995, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby affirmed.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

---

6. The Supreme Court in *Miller* also chose to take judicial notice of certain facts. Employer here has not asked us to take judicial notice of the activities and hours of the United States Postal Service, nor do we, sua sponte, choose to do so.

To hold otherwise would create needless administrative burden by requiring an evidentiary hearing every time an appeal is filed late, and would create opportunities for abuse.