Gloria VEREB, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted March 13, 1996.

Decided May 24, 1996.

William T. Ray, for Petitioner.

Paul R. Jordan, Assistant Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for Respondent.

Before COLINS, President Judge, and DOYLE, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY and FLAHERTY, JJ.

DOYLE, Judge.

Gloria Vereb (Claimant) appeals from an order of the Unemployment Compensation Board of Review (Board), which denied benefits. The Board's order had vacated a referee's dismissal of Spar Marketing Services, Inc.'s (Employer) appeal from a decision awarding Claimant benefits by the Office of Employment Security (OES). The referee's decision to dismiss Employer's appeal was not based on the merits, but rather, on his determination that Employer had failed to file a timely appeal under Section 501(e) of the Pennsylvania Unemployment Compensation Law (Law).[1]

Before working for Employer, Claimant had previously been employed by Borden, Inc. However, in May of 1994, Claimant was laid off from Borden and applied for unemployment benefits effective May 8, 1994.[2] On July 15, 1994, Claimant obtained a position with Employer as a field representative.[3] At that time, Claimant signed an "Independent Contractor Agreement," in which Claimant acknowledged that her relationship with Employer would be that of an independent contractor rather than an employee.[4] For reasons which are not clear from the record, Claimant's position with Employer ended almost immediately after she was hired.

On August 31, 1994, OES issued and mailed a Notice of Determination, finding that Claimant was not self-employed and was, therefore, not ineligible for benefits under Section 402(h) of the Law.[5] OES concluded that Employer's classification of Claimant as an independent contractor under its agreement with her was not determinative of her status. Rather, OES deemed that Claimant was not self-employed since she was "not free from the control of [Employer]" in performing her job.[6] (OES Notice of Determination.) Accordingly, OES awarded Claimant benefits in the amount of $238.00 per week beginning with the week ending July 23, 1994.

Employer filed an appeal from this Determination, which was received by OES on September 16, 1994, *sixteen days* after the Notice of Determination was issued and mailed to Employer. The Notice of Determination which was sent to Employer clearly explained that "this Determination becomes

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

2. The reasons underlying Claimant's unemployment from Borden did not disqualify her for unemployment benefits under the Law and are not material to the present appeal.

3. "[Employer] is in the business of servicing the products of larger manufacturers located in retail outlets; [Employer] utilizes the services of approximately 3000 representatives to perform its marketing service." (Board's Finding of Fact No. 2.) During Claimant's brief association with Employer, Claimant worked on an account which Employer had with Proctor and Gamble.

4. Under this agreement, Claimant also agreed not to represent herself as an employee of Employer at any time while retaining the right to contract to do work for other companies. (Board's Finding of Fact No. 4.)

5. Section 402(h) of the Law provides that a claimant shall be ineligible to receive compensation for any week in which he or she is engaged in self-employment. 43 P.S. § 802(h).

6. OES specifically found that "[C]laimant must follow the guidelines and adhere to company policies in carring [sic] out her assignments. [Employer] set the fee for said services and reimburses the [C]laimant for her services." (OES Notice of Determination.)

final unless you file an appeal within 15 days from the date this Determination was mailed.... If your appeal is filed by mail, ... it must be addressed to your Pennsylvania Job Center *and postmarked* on or before the last day to appeal shown above on this Determination." [7] (OES Notice of Determination.) (Emphasis added.) Although Employer's appeal was purportedly mailed on September 12, 1994, it was not stamped with an official postmark of the United States Postal Service. Instead, the purported date of mailing was merely imprinted on the envelope with a stamp from a private postage meter. Following a hearing, the referee dismissed Employer's appeal on the grounds that it was untimely filed, and that he, therefore, lacked jurisdiction to hear the appeal under Section 501(e) of the Law, 43 P.S. § 821(e).[8]

Employer filed a timely appeal from the referee's decision with the Board. The Board issued an order on January 27, 1995, vacating the decision of the referee, reversing the August 31, 1994 determination of OES, and denying Claimant benefits on the merits. The Board concluded that Employer's initial appeal was timely under Section 501(e) of the Law, finding that, in order to have arrived in Pennsylvania by September 16th, Employer's appeal must have been mailed from the state of Minnesota no later than September 15, 1994. Moreover, the Board concluded that Claimant was ineligible for benefits under Sections 402(h) [9] and 4(*l*)(2)(B) [10] of the Law, because she was customarily engaged in an independently established trade and she was free from the control of Employer. It is from this order that Claimant now appeals.

On appeal, Claimant raises two issues for our review: (1) whether Employer's appeal to the referee was timely filed, so as to vest the referee and Board with jurisdiction, where the Board received Employer's appeal one day after the expiration of the fifteen-day time limit set forth in Section 501(e) of the Law and Employer's letter of appeal did not bear an official United States postmark date; and (2) whether the Board's conclusion that Claimant was ineligible for unemployment benefits because she was a self-employed, independent contractor was supported by substantial evidence.

For the reasons enumerated below, we conclude that the Board erred in finding that Employer's appeal to the referee was timely. Accordingly, since the Board lacked jurisdiction to reach the merits in this case, its decision vacating the referee's order and denying Claimant benefits must be reversed, and the decision of OES which granted Claimant benefits must be reinstated.

■ The general requirement for filing a timely appeal from an adverse determination by OES is found in Section 501(e) of the Law, 43 P.S. § 821(e), which provides that an appeal must be filed "within fifteen calendar days after such notice was delivered to him personally, or was mailed to his last known post office address." Furthermore, this fifteen-day time limit is mandatory and subject to strict application. If an appeal from a determination of OES is not filed within fifteen days of its mailing, the determination becomes final, and the Board does not have the requisite jurisdiction to consider the matter. *Phares v. Unemployment Compensation Board of Review,* 85 Pa.Cmwlth. 475, 482 A.2d 1187 (1984); *Darroch v. Unemploy-*

---

7. On the top of the Notice of Determination, it stated that "The Last Day to File an Appeal from this Determination is: *SEP 15, 1994.*" (OES Notice of Determination.) (Emphasis in original.)

8. Section 501(e) provides that a determination by OES becomes final, unless an appeal is filed within fifteen days after proper notification of said determination has been given to all affected parties.

9. 43 P.S. § 802(h).

10. 43 P.S. § 753(*l*)(2)(B). Section 4(*l*)(2)(B) provides that:

> Services performed by an individual for wages shall be deemed to be employment subject to this act, unless and until it is shown to the satisfaction of the department that—(a) such individual has been and will continue to be free from control or direction over the performance of such services both under his contract of service and in fact; and (b) as to such services such individual is customarily engaged in an independently established trade, occupation, profession or business.

*Id.*

*ment Compensation Board of Review,* 156 Pa.Cmwlth. 435, 627 A.2d 1235 (1993).

Nevertheless, there is a small exception to the strict fifteen-day filing deadline for appeals which are filed by mail and bear an official United States postmark. Pursuant to Section 101.82(d) of Title 34 of the Pennsylvania Code, 34 Pa.Code § 101.82(d), an appeal will be deemed to be timely filed even if received after this fifteen-day period if the envelope in which the appeal was mailed bears a postmark with a date which falls within the fifteen-day time period mandated by Section 501(e) of the Law.

In the present case, Claimant, relying on our decision in *Edwards v. Unemployment Compensation Board of Review,* 162 Pa.Cmwlth. 698, 639 A.2d 1279 (1994), argues that since the envelope containing Employer's appeal did not have an official United States postmark on it, the appeal must be deemed to have been filed on the date it was received and not on the date purportedly shown by the private postage meter stamp. In *Edwards,* we found that an appeal was untimely filed where the envelope containing the appeal bore a United States postmark with a date which was only one day after the end of the fifteen-day filing period. In reaching that result, we rejected the Board's finding that the employer had actually mailed the appeal the day before, and within the fifteen-day filing period, as being irrelevant under the Board's own regulations. We summarized our conclusion as follows:

> The Board is bound to follow its own regulations in determining the perfection date of an appeal. In this case, the Board permitted the Employer to bypass the regulations by allowing testimony of the deposit of the appeal with the post office to constitute the date of filing rather than what the regulation clearly defines as the date of mailing, i.e., the postmark date. By substituting the date of mailing for that of the postmark, the Board renders its own regulation meaningless and undermines the rationale stated in *Miller v. Unemployment Compensation Board of Review,* 505

Pa. 8, 476 A.2d 364 (1984), that the timeliness of papers filed with the courts must be possible to determine from either the face of the document or from the internal records of the court. The postmark is the most reliable source from which one can determine the precise timing of mailing, as opposed to a party's testimony.

*Edwards,* 639 A.2d at 1281–82 (citations omitted) (footnotes omitted).

Similarly, in this case, Claimant argues that neither the private postage meter stamp, nor the testimony presented by Employer showing that the appeal was in fact mailed before the filing deadline, can substitute for the strict requirements under the regulations. *Id.;* Darroch; *see E.B.S. v. Unemployment Compensation Board of Review,* 150 Pa.Cmwlth. 10, 614 A.2d 332 (1992) (private postage meter stamp insufficient to establish date of mailing). Therefore, since the appeal was not received before the filing deadline and did not have an official United States postmark on the envelope, Claimant concludes that the appeal was filed late as a matter of law.

Nevertheless, the Board contends that the rules governing the filing of appeals to the referee should not be strictly enforced under the unusual facts of this case. In support of its position, the Board points to the Supreme Court's decision in *Miller v. Unemployment Compensation Board of Review,* 505 Pa. 8, 476 A.2d 364 (1984), in which the Supreme Court reversed this Court's decision to quash an appeal to this Court from an adverse decision of the Board as untimely filed. In *Miller,* the appeal was mailed before the filing deadline but received by the prothonotary's office three days after that deadline, on Monday, September 20, 1982.[11] Under Pa. R.A.P. 1514(a), an appeal is deemed to be filed either on the date received or "on the date deposited in the United States mail, as shown on a U.S. Postal Service Form 3817 certificate of mailing." The employer in *Miller* failed to obtain a Service Form 3817 certificate of mailing or have the certified

---

11. The appeal was received by the Prothonotary's Office of our Court on a Monday. Therefore, while the appeal was three calendar days late, it was actually only one day late for filing purposes under Section 1908 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1908, which provides that "[w]henever the last day of any such period [of time under a statute or regulation] shall fall on Saturday or Sunday ... such day shall be omitted from the computation."

mail form date-stamped since the post office was closed. However, the Supreme Court took judicial notice of the fact that the Harrisburg post office was closed on Saturday and Sunday. The Supreme Court concluded from this fact that the appeal must have been mailed by the employer, and received by the post office, by Friday, September 17, 1982, at the latest. Since Friday the 17th was within the thirty-day appeal period, the Supreme Court found that the employer had substantially complied with Pa. R.A.P. 1514 and that under those specific facts dismissal of the appeal was unwarranted.

Although *Miller* is factually similar to the case *sub judice,* we find it distinguishable in at least one important respect and decline to extend its holding to the situation presently before us. The Supreme Court's decision in *Miller,* which involved an appeal from the Board to this Court, was ultimately based on its interpretation of the Rules of Appellate Procedure, which it noted are to be "liberally construed." Pa. R.A.P. 105(a). The present case, however, concerns an appeal to a referee of the Department of Labor and Industry. As such, it was governed by the Department's regulations and not by the Rules of Appellate Procedure. We recently explained the distinction between these two types of appeal in *Gannett Satellite Information Network, Inc. v. Unemployment Compensation Board of Review,* 661 A.2d 502, 505 (Pa. Cmwlth.1995),[12] as follows:

> [I]n *Miller* the Supreme Court held that the appellant had 'substantially complied' with rule 1514 by providing evidence that the appeal had been placed in the mail before the expiration of the appeal period. However, the regulations governing unemployment compensation appeals do not provide for 'substantial compliance.' We have often held that the appeal provisions of the Law are mandatory, and absent an adequate excuse, failure to file an appeal within the time prescribed requires the appeal to be dismissed.

Accordingly, while *Miller* is the standard by which the timeliness of appeals under the Rules of Appellate Procedure must certainly be judged, the Supreme Court's holding in that case is not applicable to appeals made to administrative agencies. *See Gannett; Edwards; E.B.S.*

We believe that our decision today is supported by the long established principle in this Commonwealth that filing deadlines should be strictly enforced and that any exception to this principle should be narrowly construed. As the Supreme Court in *Miller* recognized: "[i]t would be inefficient and unduly burdensome to require courts to hold evidentiary hearings to determine timeliness. Any such rule would defeat the purpose the timeliness requirements are meant to accomplish." 505 Pa. at 13, 476 A.2d at 366. Similarly, requiring administrative agencies to conduct hearings on the timeliness of appeals filed with them would be unduly burdensome and would tend to defeat the very purpose of having filing requirements in the first place while creating the opportunity for abuse of the rules. *See Gannett.*

Finally, we must emphasize the fact that Employer does not allege that its failure to comply with the filing deadline resulted from a breakdown of the postal service, the negligence of the Department, or the negligence of a third party. Furthermore, this case is not an example of undue hardship where Employer was unable to comply with the filing requirements because of causes outside its control. Rather, Employer failed to have its appeal stamped with an official United States postmark, as clearly required by 34 Pa.Code § 101.82(d) as well as the Notice of Determination it received from OES. The Department, as authorized by the Legislature, has established strict, unambiguous requirements for filing an appeal with the Board or a referee. Under the circumstances of this case, there is no reason for this Court to find that these requirements

---

**12.** The facts in *Gannett* are very similar to those in the present case. First, *Gannett* involved an appeal to a referee from a decision by OES, and the date of mailing was stamped with a private postage meter rather than an official United States postmark. Second, and also like the present case, the filing deadline was on a Friday, but

the appeal was not received until the following Monday. Thus, the appeal to the referee in both *Gannett* and the present case were filed one day late. *See* Section 1908 of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1908; *see also supra* note 12.

are unfair or otherwise invalid so as to create a judicial exception to the regulations promulgated by the Department.[13]

Accordingly, the order of the Board is reversed, and the decision of OES dismissing Employer's appeal and granting Claimant benefits is reinstated.

### ORDER

NOW, May 24, 1996, the order of the Unemployment Compensation Board of Review in the above-captioned matter is hereby reversed; and the order of the referee dismissing Spar Marketing Services, Inc.'s appeal as having been untimely filed and granting compensation benefits to Gloria Vereb is reinstated.

FRIEDMAN, Judge, dissenting.

Although I do not condone untimeliness, a dismissal based on "slavish adherence to technical and artificial rules," *Unemployment Compensation Board of Review v. Jolliffe,* 474 Pa. 584, 586, 379 A.2d 109, 109–10 (1977), is inappropriate in this case. Accordingly, I respectfully dissent.

I agree with the Majority that "filing deadlines should be strictly enforced and that any exception to this principle should be narrowly construed." (Op. at 1294.) However, I must disagree with the Majority's conclusion that, "[u]nder the circumstances of this case, there is no reason for this Court to ... create a judicial exception to the regulations promulgated by the Department." (Op. at 1294.) In fact, quite the opposite, I believe that the unusual circumstances of this case merit just such an exception.

Section 501(e) of the Pennsylvania Unemployment Compensation Law (Law)[1] provides that a determination by the Job Center becomes final unless an appeal is filed within fifteen days after proper notification of said determination has been given to all affected parties. Section 501(e)'s fifteen-day time limit is mandatory; if an appeal from a Job Center determination is not filed within fifteen days of the mailing date of the determination, the Board does not have the requisite jurisdiction to consider the matter. *Darroch v. Unemployment Compensation Board of Review,* 156 Pa.Cmwlth. 435, 627 A.2d 1235 (1993); *Phares v. Unemployment Compensation Board of Review,* 85 Pa.Cmwlth. 475, 482 A.2d 1187 (1984).

An appeal may either be personally delivered to Job Center authorities or sent by mail. *Darroch.* If sent by mail, the appeal will be deemed to have been filed on the date of the postmark appearing on the communication. 34 Pa.Code § 101.82(d).[2] Where a postmark is present, the postmark date is conclusive as to the filing date of the appeal despite evidence that the appeal was placed in the mail prior to the postmark date, *Edwards v. Unemployment Compensation Board of Review,* 162 Pa.Cmwlth. 698, 639 A.2d 1279 (1994), or that a private postage meter stamp indicated an earlier mailing date. *E.B.S. v. Unemployment Compensation Board of Review,* 150 Pa.Cmwlth. 10, 614 A.2d 332 (1992). The postmark, as opposed to a party's testimony, is the most reliable source from which one can determine the precise timing of mailing. *Id.*

Where, as here, a postmark is not present, however, 34 Pa.Code § 101.82(d), as drafted, does not recognize placing an appeal in the mail as the initiation of the appeal; the regulation recognizes only the postmark date. *Edwards.* Accordingly, we have held that, when the envelope containing an appeal does not have an official U.S. postmark, it must be deemed filed when received. *Gannett Satellite Information Network v. Unemployment Compensation Board of Review,* 661 A.2d 502 (Pa.Cmwlth.1995). Here, the last day for Employer to file an appeal was September 15, 1994; however, its appeal was not received until the following day, September 16,

---

**13.** Since we hold that the Board lacked jurisdiction because Employer's appeal to the referee was untimely, we do not address Claimant's second argument regarding the merits of the Board's determination that Claimant was a self-employed, independent contractor.

**1.** Act of December 5, 1936, Second Ex.Sess., P.L (1937) 2897, *as amended,* 43 P.S. § 821(e).

**2.** Section 101.82(d) provides that "[t]he date of initiation of an appeal delivered by mail, either on the prescribed appeal form or by any form of written communication, shall be determined from the postmark appearing upon the envelope in which the appeal form or written communication was mailed." 34 Pa.Code § 101.82(d).

1994. Under *Gannett,* therefore, Employer's appeal would be deemed filed on September 16, 1994, untimely under section 501(e) of the Law.[3]

The Board, however, contends that Employer's appeal was timely filed under the rationale in *Miller v. Unemployment Compensation Board of Review,* 505 Pa. 8, 476 A.2d 364 (1984), in which the Pennsylvania Supreme Court, construing Pennsylvania Rule of Appellate Procedure 1514(a),[4] held that, where the record shows clearly and without dispute that a petition for review was timely mailed prior to the jurisdictional deadline, and where counsel for the appellant apprises the court of the record in that respect and timeliness can be determined from an examination of the records of the court, a fair and just interpretation of the rules makes a dismissal improper.[5]

The Board argues that, here, Employer mailed its appeal on September 12, 1994 from Minneapolis, Minnesota, as evidenced by a private postal meter stamp. The Board concedes that a private meter stamp is not dispositive proof of the date of mailing; however, the Board points out that the court need not rely on the stamp in this case, reasoning that, in order for the appeal to have arrived from the state of Minnesota at the Job Center in Pennsylvania on September 16th, Employer's appeal letter must necessarily have been circulating in the U.S. postal system on or before the September 15, 1994 deadline. A dismissal, according to the Board, would not further the policies behind the strict filing deadlines and would, therefore, be improper. I agree.

However, although acknowledging that Section 101.82(d) of Title 34 of the Pennsylvania Code contains "a small exception to the strict fifteen-day filing deadline for appeals which are filed by mail and bear an official United States postmark,"[6] (Op. at 1295.), the Majority rejects the Board's contention that another "small exception" should be made under the unusual facts presented here.

Conceding that *Miller* is factually similar to the case *sub judice,* the Majority declines to extend *Miller*'s rationale to the situation presented here because the appeal here is governed by unemployment compensation law rules and regulations, which, according to the Majority, are to be strictly construed, while *Miller* was governed by the Rules of Appellate Procedure, which the supreme court noted are to be "liberally construed." Accordingly, the Majority draws a distinction between appeals taken to courts and appeals taken to administrative agencies, holding that the former are governed by *Miller*'s "substantial compliance" standard while the latter, at least in this context, are governed by

---

**3.** Adherence to the general rule set forth in *Gannett* is unwarranted in this particular instance, however. Although *Gannett,* admittedly, involved a similar factual situation, the case here is readily distinguishable in that Employer's appeal was received only one day after the filing deadline. In *Gannett,* on the other hand, Employer's appeal was due on April 8, 1994, but did not arrive until April 11, 1994, three days after the expiration of the appeal period. The possibility existed, therefore, that the employer in *Gannett* did not mail its appeal letter until April 9, 1994, a clear violation of the jurisdictional deadline; as discussed below, no such possibility existed here. This distinction becomes significant when examined in light of our supreme court's decision in *Miller v. Unemployment Compensation Board of Review,* 505 Pa. 8, 476 A.2d 364 (1984), relied on by the Board.

**4.** Rule 1514(a) provides, in relevant part:

If the petition for review is transmitted to the prothonotary by means of first class mail, the petition shall be deemed received by the prothonotary for the purposes of Rule 121(a)(filing) on the date deposited in the United States

mail, as shown on a U.S. Postal Service Form 3817 certificate of mailing.

Pa. R.A.P. 1514(a).

**5.** In *Miller,* the last day for filing a petition for review from an order of the Board was September 17, 1982, a Friday. Appellant's petition for review was sent by certified mail by appellant counsel's secretary on Wednesday, September 15, 1982, but because it was mailed after 5:00 P.M., she could not obtain a postal form 3817 or have the certified form date-stamped. Although the appeal letter did not arrive until Monday, September 20th, the court found that it was timely filed because the appeal was mailed to a post office that was closed on Saturdays and Sundays; therefore, the appeal had to have been mailed by Friday, September 17th at the latest.

**6.** The Majority notes that, pursuant to section 101.82(d), "an appeal will be deemed to be timely filed even if received after this fifteen-day period if the envelope in which the appeal is mailed bears a postmark with a date which falls within the fifteen-day time period mandated by Section 501(e) of the Law." (Op. at 1293.)

a "strict compliance" standard. I respectfully submit that the distinction drawn by the Majority is an artificial one, without any foundation in logic or the law, and that *Miller is* applicable here.

The Majority cites *Gannett* for the proposition that "the appeal provisions of the Law are mandatory," and, therefore, that "the regulations governing unemployment compensation appeals do not [make allowance] for 'substantial compliance.' " *Gannett,* 661 A.2d at 505. However, both the unemployment compensation regulations *and* the appeal provisions of the Pennsylvania Rules of Appellate Procedure are mandatory. Although it is true that the Pennsylvania Rules of Appellate Procedure are to be "liberally construed," Pa. R.A.P. 105(a), an appellate court may not "enlarge the time for filing a notice of appeal, a petition for allowance of appeal, a petition for permission to appeal, or a petition for review," Pa. R.A.P. 105(b), except to grant relief in the case of fraud or a breakdown in the judicial process. Official Note to Pa. R.A.P. 105. In my opinion, therefore, the supreme court's decision in *Miller* was more likely the result of the court's recognition that the petitioner had, in fact, complied with the filing requirements of the Rules of Appellate Procedure than the result of a "liberal construction" of those Rules.

However, even if it is true that *Miller* turned, in part, on the supreme court's interpretation of the Pennsylvania Rules of Appellate Procedure, *Miller* also turned, in part, on the supreme court's refusal "to give overly technical, restrictive readings to procedural rules, particularly when remedial statutes such as the Unemployment Compensation Act are involved." [7] *Miller,* 505 Pa. at 13, 476 A.2d at 366. *Miller* takes the position that, although not technically in compliance with the strict requirements of the procedural rules, it is "improper" to dismiss an appeal petition where the record is sufficient to show a timely mailing. Whether the procedural rules govern appeals from a decision of an unemployment compensation referee to the Board, or appeals from the Board to this court, as in *Miller,* the policies and the principles are the same: "our courts cannot consistently judge a petition as timely by the date of its mailing and at the same time reject that petition when the record is sufficient to show a timely mailing." *Id.* at 15, 476 A.2d at 367. Certainly, such a commonsense approach applies equally to all jurisdictional deadlines, regardless of which stage of the appeals process they govern.

Instead of embracing this commonsense approach, however, the Majority stretches to distinguish *Miller,* rendering an "overly technical, restrictive reading" of 43 P.S. § 821(e) and 34 Pa.Code § 101.82(d) and, thus, rejecting Employer's petition even though the record sufficiently establishes a timely mailing.

We rely on the official postmark as the filing date of an appeal because it provides an independent source of proof of timely mailing, i.e., one not susceptible to manipulation by the parties, and essentially prevents fraudulent abuse of the filing deadline. Where there is no postmark, and an appeal is three, or even as little as two, days late, there is no way for the court to determine whether the parties have committed such abuse, short of conducting a full evidentiary hearing. Such a hearing would necessarily depend, in large part, on the testimony of those parties who have the most to gain by substituting the date of mailing for that of receipt.

Where, as here, the appeal letter is only one day late, however, there is no danger of abuse of the filing deadline and no need for an evidentiary hearing.[8] Although Employer's petition did not bear an official U.S. postmark, it is manifest that the petition could not have arrived in Pennsylvania on September 16, 1994 unless it had been timely

---

7. In *Miller,* the court stated that it must be possible to determine the timeliness of a filing from either the face of the document or from the internal records of the court, noting that it would be inefficient and unduly burdensome to require courts to hold evidentiary hearings to determine timeliness. *Id.* The court, at the same time, suggested that the extreme action of dismissal is particularly disfavored and should be imposed by an appellate court sparingly. *Id.*

8. Even if we were not to credit the testimony of Employer's counsel that the appeal letter was mailed on September 12, 1994, the date of receipt provides independent, objective evidence of timeliness.

mailed from Employer's headquarters in Minnesota on or before September 15, 1994. Even under the best of circumstances, an appellant would have to mail an appeal letter at least one day prior to the date received, particularly when it is traveling interstate, as in this case.

Consistent with the rationale in *Miller,* adherence to Pennsylvania Code section 101.82(d), prescribing the only evidence of timely mailing which will be acceptable, should not result in dismissal in this case, where timeliness can be determined without the necessity of an evidentiary hearing.[9]

Accordingly, I would hold that, because the Board received Employer's appeal one day after the expiration of the fifteen-day time limit set forth in section 501(e) of the Law, Employer's appeal to the referee was timely filed.

---

**9.** I recognize that both *Gannett* and another recent decision of this court, *Southeastern Pennsylvania Transportation Authority v. Unemployment Compensation Board of Review,* 661 A.2d 505 (Pa.Cmwlth.1995) (*SEPTA* ), hold that an appeal must be deemed filed when received where the envelope containing the appeal does not have an official U.S. postmark.

I cannot ignore the fact, however, that, in both cases, there was a three-day gap between the filing deadline and the date that the employer's appeal was actually received. This critical factual distinction between *Gannett* and *SEPTA,* on the one hand, and the current controversy, on the other, removes the current controversy from *Gannett* and *SEPTA* 's otherwise sound rationale. Consequently, I would limit my decision to the peculiar facts presented here.