# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Laura A. Tokarski,        :
          Petitioner      :
                      :
        v.                :    Nos. 516-518 C.D. 2024
                      :
Unemployment Compensation     :
Board of Review,               :
          Respondent   :    Submitted: May 6, 2025


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE STACY WALLACE, Judge
             HONORABLE MATTHEW S. WOLF, Judge


## OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE WOLF                                FILED: June 11, 2025

       Laura A. Tokarski (Claimant) petitions for review of the April 23, 2024 orders of the Unemployment Compensation (UC) Board of Review (Board) that affirmed the decision of a Referee dismissing Claimant's appeal from a notice of determination as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1] Upon review we find that the Board did not err in concluding that Claimant's appeal to the Referee was untimely. Thus, we affirm.

       Claimant filed for Pandemic Unemployment Assistance (PUA) benefits effective July 11, 2021. Certified Record (C.R.) at 81. On April 11, 2023, the UC Service Center (Service Center) issued Claimant three determinations finding her ineligible for PUA benefits and assessing non-fraud PUA and Federal Pandemic

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).

Unemployment Compensation (FPUC) overpayments (collectively, the Determinations). *Id.* at 3, 42, 94-100. Each of these Determinations informed Claimant that she had until May 2, 2023, to file an appeal. *Id.*

Claimant appealed the Determinations on January 31, 2024, 274 days after expiration of the appeal period. C.R. at 108. Claimant was subsequently issued notice of a Referee hearing scheduled for March 13, 2024. *Id.* This notice set forth five issues for consideration at the hearing:

> 1) Whether the appellant filed a timely and valid appeal from the initial determination(s). 2) Whether the claimant has made a valid application for benefits and filed a claim in the proper manner. 3) Whether the claimant is eligible for Pandemic Unemployment Assistance (PUA). 4) Whether the claimant is overpaid due to receiving Pandemic Unemployment Assistance. 5) Whether the claimant is overpaid due to receiving Federal Pandemic Unemployment Compensation.

C.R. at 121-22. At the hearing on March 13, 2024, the Referee inquired as to the lateness of Claimant's appeal. Claimant expressed confusion about the necessity of appealing the Determinations, noting that she had successfully appealed a prior determination on an identity verification issue. *Id.* at 137-38. When asked if she had read the Determinations, Claimant responded, "I have no idea. I don't know. You guys send -- I got so many papers I didn't know what was going on. I can't even tell you what's even happening to be completely honest." *Id.* at 138. When the Referee further noted that each Determination listed a final appeal date of May 2, 2023, and asked if Claimant had filed an appeal prior to January 31, 2024, Claimant replied "I have no idea." *Id.* The Referee subsequently filed a decision dismissing

2

Claimant's appeal as untimely. *Id.* at 150. In so ruling, the Referee found the following facts:

> 1. On April 11, 2023, three Determinations were issued denying the Claimant Pandemic Unemployment Assistance (PUA) and Federal Pandemic Unemployment Compensation (FPUC) benefits, along with nonfraud overpayments.
>
> 2. Copies of these Determinations were mailed & emailed to the Claimant's last known post office & email addresses on the above date and provided in the Claimant's PUA website portal.
>
> 3. The Determinations were not returned by the postal authorities as being undeliverable.
>
> 4. The Determinations informed the Claimant that she had until May 2, 2023, to file an appeal if the Claimant disagreed with the determination.
>
> 5. The Claimant believed that a prior hearing held in 2022 resolved all of her issues.
>
> 6. The 2022 Hearing was only related to an identity verification issue, and the Decision was issued in 2022.
>
> 7. The Claimant filed her appeal at the PA CareerLink with a received date stamp of January 31, 2024.
>
> 8. The Claimant was not misinformed nor in any way misled regarding the right of appeal or the need to appeal.

C.R. at 148. The Referee reasoned that

> [i]n the present case, the Claimant confirmed that she received the April 11, 2023 Determinations. However, the Claimant provided inconsistent testimony regarding

3

whether she read the Determinations, which included appeal instructions if she disagreed. The only date the Referee can consider for the appeal is January 31, 2024. The provisions of this Section of the Law are mandatory, and the Referee has no jurisdiction to allow an appeal filed after the expiration of the statutory appeal period.

C.R. at 149. Claimant appealed the Referee's decision to the Board, which affirmed. *Id.* at 162, 167. Claimant subsequently petitioned for this Court's review of the Board's orders.

On appeal,[2] Claimant argues that she had good cause for late filing her appeal to the Referee. She submits that she did not understand the need to appeal the Determinations where she had previously appealed a separate issue, and that appeal had been decided in her favor. Claimant contends that she was misled or misguided by the Service Center, as she made attempts to reach out, but was not directly informed that the Determinations represented new matters, not covered by her prior appeal.[3] She further contends that the Referee hearing was deficient, and that this Court should remand to the Referee with direction to hold a new hearing.

The Board responds that Claimant fails to establish good cause for her late appeal, as her testimony established that the untimeliness was based on her own negligence. It contends that Claimant was neither misled nor misguided by the Service Center and the Determinations' appeal instructions were clear on their face.

---

[2] This Court's "review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence." *Key v. Unemployment Comp. Bd. of Rev.*, 687 A.2d 409, 411 n.2 (Pa. Cmwlth. 1996).

[3] It is beyond argument that this appeal was not timely. While she does not phrase it as such, Claimant is arguing the elements for requesting *nunc pro tunc* relief and consideration of an untimely filed appeal. As such, we treat her argument as a request for such relief, even absent use of that terminology.

4

The Board also contends that Claimant has waived her request for a remand, as this was not raised in her appeal to the Board or in her Petition for Review to this Court.

Section 501(e) of the Law provides that an appeal from the local UC Service Center's notice of eligibility determination must be filed "within twenty-one calendar days after such notice was delivered." 43 P.S. § 821(e). As this rule is jurisdictional, it precludes consideration of the merits of an appeal not timely filed. *Gannett Satellite Info. Network, Inc. v. Unemployment Comp. Bd. of Rev.*, 661 A.2d 502, 504 (Pa. Cmwlth. 1995). In limited circumstances, an untimely appeal may be considered *nunc pro tunc*, or "now for then." This Court has previously stated:

> To justify an untimely appeal and obtain *nunc pro tunc* relief, a claimant bears a heavy burden of demonstrating extraordinary circumstances involving (1) fraud or a breakdown in the administrative authority's operation; (2) non-negligent conduct of an attorney or her staff; or (3) non-negligent conduct of the claimant that was beyond her control.

*Hazlett v. Unemployment Comp. Bd. of Rev.*, 316 A.3d 652 (Pa. Cmwlth. 2024) (citing *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008)). With respect to the third of these possible circumstances, the Pennsylvania Supreme Court has noted "[t]he exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001) (citations omitted).

Based on the testimony presented to the Referee, we agree with the Board that Claimant failed to meet the stringent standard for *nunc pro relief*. According to Claimant's own testimony, she was confused about what documents

5

she received and which of those required an appeal to challenge. While she makes general allegations that the Service Center misguided her, we conclude that the Determinations clearly advise Claimant of her right to appeal and the timeline in which she must do so. C.R. at 3-4, 41-2, 94-7. Perhaps most notably, by Claimant's own admission, it is not clear whether she even read the Determinations she now seeks to challenge. Failure to read an important document pertaining to her benefits is not the type of "non-negligent conduct" contemplated by our *nunc pro tunc* caselaw. *See Constantini v. Unemployment Comp. Bd. of Rev.*, 173 A.3d 838, 845 (Pa. Cmwlth. 2017) (holding that a claimant's failure to thoroughly read determinations sent to her constituted negligence and precluded *nunc pro tunc* relief).

In sum, we conclude that Claimant has not established that she is entitled to *nunc pro tunc* relief, and therefore the Board did not err in affirming the Referee's decision to dismiss her appeal as untimely under Section 501(e) of the Law. Accordingly, we affirm the Board's orders.

_____
MATTHEW S. WOLF, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Laura A. Tokarski,            :
           Petitioner       :
           :
       v.            :    Nos. 516-518 C.D. 2024
           :
Unemployment Compensation      :
Board of Review,            :
           Respondent    :

# O R D E R

AND NOW, this 11th day of June 2025, the Orders of the Unemployment Compensation Board of Review in the above-captioned matters, dated April 23, 2024, are hereby AFFIRMED.

_____
MATTHEW S. WOLF, Judge