639 A.2d 1279

George L. EDWARDS, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 2, 1994.

Decided March 29, 1994.

Deborah L. Barr, for petitioner.

Linda S. Lloyd, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before CRAIG, President Judge, and COLINS, McGINLEY, PELLEGRINI, FRIEDMAN, KELLEY, and NEWMAN, JJ.

PELLEGRINI, Judge.

George L. Edwards (Claimant) petitions for review the order of the Unemployment Compensation Board of Review (Board) vacating the Referee's determination that the appeal of U.S. Assemblies (Employer) was untimely and denying benefits.

Claimant worked for Employer for five years as a supervisor. In May of 1992, Claimant tested positive for marijuana use. Under the Employer's substance abuse policy, in order to continue working, he signed a "Last Chance Agreement" which required him to participate in a counseling program. In June of 1992, Claimant told Employer that he didn't feel it was necessary for him to continue in counseling. On June 26, he resigned his position rather than continue the counseling. Claimant then filed for unemployment compensation benefits.

The Bureau of Unemployment Compensation Benefits and Allowances (Bureau) initially granted benefits to Claimant. The notice of that determination stated that an appeal had to be filed by September 23, 1992. Employer filed a letter of appeal from that determination which was postmarked September 24, 1992. Because Claimant contended that the letter was untimely, a hearing was held to determine if the appeal was proper. Employer presented evidence that the letter of appeal was taken to the post office and mailed on September 23, the last day to file an appeal. The Referee dismissed the Employer's appeal finding that it was filed on September 24

and was untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1]

On Employer's appeal, the Board found that the appeal to the Referee was filed on September 23, and because the appeal was timely, remanded for a hearing on the merits. After that hearing, the Board found that Claimant had voluntarily quit his employment without necessitous and compelling reason and denied benefits pursuant to Section 402(b) of the Law, 43 P.S. § 802(b). Claimant then filed this appeal.[2]

Claimant contends that Employer's appeal from the Bureau determination was untimely and that the Board erred in allowing the untimely appeal where there was no evidence of negligent conduct by the Bureau. Claimant does not appeal the Board's determination on the merits denying him benefits because he voluntarily quit.

Section 501(e) of the Law requires that appeals from the Bureau determination be filed within 15 days of the mailing date of the determination or the determination becomes final and the Referee and the Board do not have jurisdiction to consider the appeal. *Darroch v. Unemployment Compensation Board of Review,* 156 Pa.Commonwealth Ct. 435, 438, 627 A.2d 1235, 1237 (1993). The regulations relevant to appeals from a Bureau determination allow an appeal to be perfected either in person or by mail. 34 Pa.Code § 101.82(d) further provides:

> The date of initiation of an appeal delivered by mail, either on the prescribed appeal form or by any form of written communication, *shall be determined from the postmark* appearing upon the envelope in which the appeal form or written communication was mailed.

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 821(e).

2. Our scope of review is limited to determining whether the Board committed an error of law or violated constitutional rights, and whether the findings of fact are supported by substantial evidence. Administrative Agency Law, 2 Pa.C.S. § 704; *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

(Emphasis added). This regulation as drafted does not recognize placing an appeal in the mail as the initiation of the appeal. The regulation recognizes only the postmark date, which in this case was one day late.

 The Board is bound to follow its own regulations in determining the perfection date of an appeal. *See, e.g., Costello v. State Employee's Retirement Board,* 141 Pa.Commonwealth Ct. 19, 596 A.2d 260 (1991). In this case, the Board permitted the Employer to bypass the regulations by allowing testimony of the deposit of the appeal with the post office to constitute the date of filing rather than what the regulation clearly defines as the date of mailing, i.e., the postmark date.[3] By substituting the date of mailing for that of the postmark, the Board renders its own regulation meaningless and undermines the rationale stated in *Miller v. Unemployment Compensation Board of Review,* 505 Pa. 8, 476 A.2d 364 (1984), that the timeliness of papers filed with the courts must be possible to determine from either the face of the document or from the internal records of the court. The postmark is the most reliable source from which one can determine the precise timing of mailing, *Hoffman v. Unemployment Compensation Board of Review,* 34 Pa.Commonwealth Ct. 20, 382 A.2d 797 (1978), as opposed to a party's testimony.

 Although there can be uncertainty about when mail deposited with a local post office or included in bulk mailing will be postmarked, parties can provide clear evidence of the filing of an appeal by requesting a Post Office Form 3817 which bears a certified time stamp and case docket number as conclusive evidence of mailing. *See Darroch; Miller.*

**3.** A court should defer to an administrative agency's interpretation of its regulation unless it is clearly erroneous or inconsistent with the regulation or the statute under which it was promulgated. *East Allegheny School District v. Secretary of Education,* 145 Pa.Commonwealth Ct. 477, 603 A.2d 713, 717 (1992); *Henkels & McCoy, Inc. v. Department of Labor & Industry, Prevailing Wage Appeals Board,* 143 Pa.Commonwealth Ct. 264, 598 A.2d 1065 (1991), *petition for allowance of appeal denied,* 530 Pa. 667, 610 A.2d 46 (1992). Based on the unambiguous words of the regulation, the appeal date is determined by the postmark and the Board's interpretation is inconsistent with its regulation and we should not defer to it.

Under the regulations of the Board, the appeal was not timely filed and the Board did not have jurisdiction to consider the merits. Therefore, the order of the Board denying benefits must be reversed.

## *ORDER*

AND NOW, this 29th day of March, 1994, the order of the Unemployment Compensation Board of Review, dated February 5, 1993, No. B–308774, is reversed.