# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clifford E. Francis,                    :
                                        :
                    Petitioner          :
                                        :
          v.                            :  No. 8 C.D. 2019
                                        :  Submitted: November 14, 2019
Unemployment Compensation               :
Board of Review,                        :
                                        :
                    Respondent          :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                  FILED: January 9, 2020

        Clifford E. Francis (Claimant) petitions for review of the December 7, 2018 order of the Unemployment Compensation Board of Review (Board) that affirmed the decision of a referee dismissing Claimant's appeal as untimely under Section 501(e) of the Unemployment Compensation Law (Law).[1] Upon review, we affirm.

        On July 12, 2018, the Unemployment Compensation (UC) Service Center mailed a notice of determination ineligibility and a notice of determination overpayment of benefits to Claimant. Both notices stated in the upper right hand corner "[t]he final day to timely appeal this determination is: JUL 27, 2018."

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §821(e).

Certified Record (C.R.), Item No. 5 at 1, 3 (emphasis in original). The following appeal instructions were also mailed to Claimant with the notices of determination:

> If you appeal by fax:
> The filing date is the date imprinted by the receiving fax machine. If the receiving fax machine does not provide a date, the filing date is imprinted by the sending fax machine. If neither machine provides a date, the filing date is the date the appeal is received by the department.
> *You accept the risk of delay, disruption or interruption of electronic signals, which may affect the timeliness of the appeal.*

C.R., Item No. 5 at 5 (emphasis added). The UC Service Center received Claimant's faxed appeal on August 31, 2018. C.R., Item No. 6 at 1.

A referee held a hearing on October 2, 2018, to determine the timeliness of Claimant's appeal pursuant to Section 501(e) of the Law. Claimant participated *pro se* by telephone, and Claimant's employer failed to attend. Claimant testified that a friend faxed his appeal on July 24, 2018, to the UC Service Center. N.T. 10/2/18 at 10.[2] He repeatedly stated that the fax was timely sent and that "it went through through Red's Towing." *Id.* at 10-12. Claimant's wife testified that she was present at the time the fax was sent and saw the fax go through. *Id.* Claimant explained that he did not provide the fax confirmation sheet because he could not find it. *Id.* Claimant acknowledged that the appeal instructions informed him that by sending the appeal via fax, he had accepted the "risk of delay, disruption, or interruption of the electronic signals which may affect the timeliness of the appeal." *Id.* at 9-10.

By decision and order dated October 11, 2018, the referee dismissed Claimant's appeal as untimely. The referee found that:

---

[2] "N.T. 10/2/18" refers to the transcript of the October 2, 2018 Referee's hearing.

7. The Claimant did not file an appeal on or before July 27, 2018, but waited until August 31, 2018, before filing his appeal.

\* \* \*

9. The filing of the late appeal was not caused by fraud or its equivalent by the administrative authorities, a breakdown in the appellant system or by non-negligent conduct.

Referee's Decision, 10/11/18, Findings of Fact, Nos. 7, 9. Citing the absence of supporting documentary evidence, the referee concluded that Claimant's testimony failed to prove that he faxed his appeal on July 24, 2018. Claimant appealed to the Board,[3] and the Board affirmed the referee's decision and adopted and incorporated the referee's findings and conclusions.[4]

On appeal to this Court,[5] Claimant seeks *nunc pro tunc* relief. Claimant asserts that he provided sufficient evidence to establish that the delay in filing his appeal was clearly the result of non-negligent circumstances and the delay was

---

[3] On appeal to the Board, Claimant argued that the merits of his case warranted the granting of an appeal *nunc pro tunc* because there would be no need for an appeal had the UC Service Center properly reviewed the documentation he had faxed on July 6, 2018, demonstrating that the wages at issue in the underlying dispute were incorrectly reported by Claimant's employer's third-party servicer. C.R. Item #12 at 6.

[4] The Board is the ultimate factfinder in unemployment compensation proceedings. *Peak v. Unemployment Compensation Board of Review*, 501 A.2d 1383, 1385 (Pa. 1985). Therefore, this Court is bound by the Board's findings so long as they are supported by substantial evidence in the record. *Henderson v. Unemployment Compensation Board of Review*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013).

[5] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. 2 Pa. C.S. §704.

corrected as quickly as possible. Claimant requests we reverse the Board's dismissal and remand the matter for a hearing *nunc pro tunc*.

Section 501(e) of the Law requires a party to file an appeal within 15 days after the determination was mailed to his last known postal address. *Edwards v. Unemployment Compensation Board of Review*, 639 A.2d 1279, 1280 (Pa. Cmwlth. 1994). If an appeal is not filed within 15 days, the determination becomes final and the Board lacks jurisdiction over the matter. *DiBello v. Unemployment Compensation Board of Review*, 197 A.3d 819, 822 (Pa. Cmwlth. 2018). Under the Board's regulations, a claimant may appeal a determination via fax. 34 Pa. Code §101.82(b)(3).[6] A faxed appeal is considered "timely filed if it is received by the

---

[6] It states:

> (3) *Fax transmission.*
>
> (i) The filing date will be determined as follows:
>
> (A) The date of receipt imprinted by the Department, the workforce investment office or the Board's fax machine.
>
> (B) If the Department, the workforce investment office or the Board's fax machine does not imprint a legible date, the date of transmission imprinted on the faxed appeal by the sender's fax machine.
>
> (C) If the faxed appeal is received without a legible date of transmission, the filing date will be the date recorded by the Department [of Labor and Industry] appeal office, the workforce investment office or the Board when it receives the appeal.
>
> (ii) A party filing an appeal by fax transmission is responsible for delay, disruption, interruption of electronic signals and readability of the document and accepts the risk that the appeal may not be properly or timely filed.

4

Department [of Labor and Industry] appeal office, workforce investment office or Board before midnight on the last day of the appeal period . . . ." 34 Pa. Code §101.82(b)(3)(iii). A "party filing an appeal by fax transmission is responsible for delay, disruption, interruption of electronic signals and readability of the document and *accepts the risk that the appeal may not be properly or timely filed*." 34 Pa. Code §101.82(b)(3)(ii) (emphasis added). Further, where the appeal is transmitted by fax, the date of filing is the date that it is acknowledged as received by the Department or the Board, not the date the fax is sent. 34 Pa. Code §101.82(b)(3)(i)(A); *Mountain Home Beagle Media v. Unemployment Compensation Board of Review*, 955 A.2d 484, 486 (Pa. Cmwlth. 2008).

Where, as here, the Board's regulation sets forth the method for determining the date of initiating an appeal, the Board is bound to follow its regulation in determining the filing date of an appeal. *Edwards*, 639 A.2d at 1281. In *Edwards*, the Board's applicable regulation provided that the filing date of an appeal filed by mail is determined by the postmark date printed on the envelope. 34 Pa. Code §101.82(d). The Board found that the employer's appeal was timely filed, based on the employer's testimony that he mailed the appeal letter on the last day to file an appeal. This Court reversed. *Edwards*, 639 A.2d at 1282. We held that the Board erred in allowing testimony on the date of mailing to substitute for the postmark date, as doing so would render the Board's own regulation meaningless. *Id.*

---

(iii) A fax transmission is timely filed if it is received by the Department appeal office, workforce investment office or Board before midnight on the last day of the appeal period in accordance with this subsection.

34 Pa. Code §101.82(b)(3).

5

In this matter, the Board's regulation provides that a faxed appeal is considered filed at the time it is received by the Department or the Board. 34 Pa. Code §101.82(b)(3)(iii). The Board cannot bypass the regulation and allow Claimant's testimony regarding the date the fax was sent to constitute the date of filing. *See Edwards*, 639 A.2d at 1281. To do so would render the Board's regulation meaningless. *Id.*[7]

An appeal *nunc pro tunc* may be permitted if the delay in filing is caused by extraordinary circumstances involving fraud, breakdown in the administrative process, or non-negligent conduct, either by the appellant, his lawyer, or a third party. *Cook v. Unemployment Compensation Board of Review*, 671 A.2d 1130, 1131 (Pa. 1996). The burden to justify an appeal *nunc pro tunc* is heavy. *Blast Intermediate Unit # 17 v. Unemployment Compensation Board of Review*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994). "An appellant may satisfy this heavy burden in one of two ways. First, he can show the administrative authority engaged in fraudulent behavior or manifestly wrongful or negligent conduct. Second, he can show non-negligent conduct beyond his control caused the delay." *Hessou v. Unemployment Compensation Board of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008).

In this case, Claimant stipulates that there is no evidence of fraudulent, wrongful, or negligent conduct on the part of the UC Service Center. Claimant's Brief at 11. Rather, Claimant argues that he is entitled to *nunc pro tunc* relief because non-negligent conduct beyond his control caused the delay. Claimant asserts that he watched his friend fax the appeal on July 24, 2018, and "had no reason

---

[7] *Compare Wright v. Unemployment Compensation Board of Review*, 41 A.3d 58, 64-65 (Pa. Cmwlth. 2011), holding that the absence of an appeal document in the Board's records creates, at best, an inference that the Board did not receive the document and, therefore, it was not filed, and that the Board should have considered evidence offered by the claimant in rebuttal.

to doubt the fax went through." *Id.* Claimant further contends there was nothing more he could have done to ensure the appeal was received in a timely manner. *Id.*

However, Claimant chose to file an appeal via fax and therefore accepted the risk that the appeal would not be properly or timely filed. *See* 34 Pa. Code §101.82(b)(3)(ii). Additionally, Claimant failed to ensure the appeal was properly transmitted within the 15-day appeal period. *See McClean v. Unemployment Compensation Board of Review*, 908 A.2d 956, 959 (Pa. Cmwlth. 2006) ("While we sympathize with counsel, we believe that he should at least have attempted to ascertain whether the Board had received McClean's e-mail before, rather than after, the statutory time period for appealing the referee's decision had passed. Because he failed to do so, the Board's decision not to grant *nunc pro tunc* relief was proper."). We conclude that Claimant failed to establish non-negligent circumstances warranting an appeal *nunc pro tunc*.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Clifford E. Francis,          :
                                    :
                Petitioner    :
                                    :
        v.                  :  No. 8 C.D. 2019
                                    :
Unemployment Compensation   :
Board of Review,              :
                                    :
             Respondent :

O R D E R

AND NOW, this 9th day of January, 2020, the order of the Unemployment Compensation Board of Review, dated December 7, 2018, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge