IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antoine H. Reaves,      :
     Petitioner  :
         :
   v.       :
         :
Unemployment Compensation :
Board of Review,     : No. 1707 C.D. 2019
    Respondent  : Submitted: June 12, 2020


BEFORE: HONORABLE P. KEVIN BROBSON, Judge
    HONORABLE MICHAEL H. WOJCIK, Judge
    HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON    FILED: November 10, 2020


   Antoine H. Reaves (Claimant), *pro se*, petitions for review of the October 22, 2019 order of the Unemployment Compensation Board of Review (Board) affirming the referee's dismissal of his appeal as untimely pursuant to Section 501(e) of the Unemployment Compensation Law (Law).[1] Upon review, we affirm.

   Claimant worked as a housekeeper for Bravo Building Services (Employer) from March 22, 2013, to June 14, 2019. Internet Initial Claims Form at 4, Certified Record (C.R.) at 11.[2] During his period of employment, Claimant

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 821(e).

[2] Our citations to the certified record reference the page numbers of the PDF document, as the record itself is not paginated.

submitted a letter to Employer from his doctor indicating his need for hand surgery to correct carpal tunnel syndrome. Transcript of Testimony (T.T.), 8/28/19 at 6, C.R. at 41. Claimant requested light-duty work pursuant to his doctor's recommendation. *Id.* Employer informed Claimant none was available, at which point Claimant requested a leave of absence. *Id.* Claimant underwent surgery on June 25, 2019. *Id.*

On or around June 16, 2019, Claimant submitted an online application for unemployment compensation benefits (benefits). T.T. at 3, C.R. at 38; Internet Initial Claims Form at 1, C.R. at 8. Claimant listed his health problems as diabetes and carpal tunnel syndrome. Internet Initial Claims Form at 1-2, C.R. at 8-9. Claimant stated that he "tried to work but because [he was] having surgery on [his] hands [he] didn't have a choice [but] to take a leave of absence," as he "was unable to perform [his] duties as a housekeeper" and "there was nothing else for [him] to do at the job." Internet Initial Claims Form at 2, C.R. at 9. Claimant identified his work limitations as "unable to hold thing[s] and grab." Internet Initial Claims Form at 1, C.R. at 8. Claimant stated that he informed Employer of his work limitations, but that Employer could not provide work within these limitations. *Id.*

On July 9, 2019, the Unemployment Compensation (UC) Service Center issued a notice of determination denying Claimant benefits. *See* Notice of Determination at 1, C.R. at 17. The UC Service Center noted that Claimant was not ineligible for benefits under Section 402(b) of the Law, 43 P.S. § 802(b),[3] because he informed Employer of his health problems, but Employer could not provide suitable work within Claimant's work limitations, thereby necessitating his leave of

---

[3] Pursuant to Section 402(b) of the Law, "[a]n employe shall be ineligible for compensation for any week . . . [i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ." 43 P.S. § 802(b).

absence. Notice of Determination at 1, C.R. at 17. Nevertheless, the UC Service Center determined that Claimant was ineligible for benefits under Section 401(d)(1) of the Law, 43 P.S. § 801(d)(1),[4] beginning with waiting week ending June 22, 2019, as he was not "able and available for suitable work" due to health issues. Notice of Determination at 1, C.R. at 17. The UC Service Center explained that when a claimant may be deemed eligible for benefits under one section of the Law, yet ineligible under another, the disqualifying provision takes precedence. *Id.* The notice of determination identified July 24, 2019 as the final day to timely appeal the denial of benefits. *Id.*

> Claimant appealed on July 30, 2019, asserting the following:
>
> I just received the denial letter on July 26, 2019 via First[-]Class Mail; My Employer determined that they did not have light duty [work] for me when I was willing to work light[-]duty until the day of surgery on June 25, 2019. I am being denied benefits due to my Employer's determination[,] not my unwillingness to work.

Petition for Appeal, 7/30/19 at 3, C.R. at 23. The referee held a hearing on August 28, 2019, in which Claimant participated. T.T., 8/28/19 at 1, C.R. at 36. The referee identified the following three issues as the subject of the hearing: (i) whether Claimant timely appealed the initial determination of the UC Service Center pursuant to Section 501(e) of the Law, 43 P.S. § 821(e); (ii) whether Claimant was able and available for work within the meaning of Section 401(d)(1) of the Law, 43 P.S. § 801(d)(1); and (iii) whether Claimant's unemployment was due to voluntarily

---

[4] Section 401(d)(1) of the Law provides, in pertinent part, that "[c]ompensation shall be payable to any employe who is or becomes unemployed, and who . . . [i]s able to work and available for suitable work . . . ." 43 P.S. § 801(d)(1).

3

leaving work without necessitous or compelling cause under Section 402(b) of the Law, 43 P.S. § 802(b). T.T. at 2, C.R. at 37.

Claimant testified that he submitted his appeal to the referee on July 30, 2019, via fax machine. T.T. at 4, C.R. at 39. When asked by the referee whether he was aware that he had missed the appeal deadline, Claimant answered, "[y]eah, but I got it late." *Id.* The referee noted that Claimant indicated in his appeal that he received the notice of determination denying benefits on July 26, 2019, via First-Class Mail, to which Claimant replied, "[r]ight." *Id.* When asked by the referee whether the notice of determination was *delivered* on July 26, 2019, Claimant responded, "I know when I got it, I tried to get it back as quickly as I could," but "I was, you know, going back and forth to the hospital about my hand." T.T. at 5, C.R. at 40. Claimant confirmed his home address, where he resided with his girlfriend and children. T.T. at 4-5, C.R. at 39-40.

Claimant testified that he submitted a letter to Employer indicating his need for surgery to correct carpal tunnel syndrome, but that Employer informed him light-duty work was not available and that he would have to leave, at which point Claimant submitted a leave request. T.T. at 6, C.R. at 41. Claimant conceded that at the time he requested light-duty work, he could have only performed work with one hand. *See id.* Claimant further testified that his doctor released him to light-duty work approximately three weeks after the June 25, 2019 surgery, and to full-duty work roughly four or five weeks after the surgery. *See* T.T. at 7, C.R. at 42.

On August 28, 2019, the referee issued a decision and order dismissing Claimant's appeal as untimely. Referee's Decision & Order, 8/28/19 at 1-2, C.R. at 89-90. The referee found that the UC Service Center mailed its determination to Claimant's last known post office address on July 9, 2019, it was not returned as

4

undeliverable by the postal authorities, and the determination notified Claimant of the July 24, 2019 appeal deadline. Referee's Decision & Order, 8/28/19 at 1, Findings of Fact (F.F.) 2-4, C.R. at 89. The referee also found that "[C]laimant did not file an appeal on or before July 24, 2019[,] but waited until July 30, 2019," and that "[C]laimant was not misinformed nor in any way misled regarding the right of appeal or the need to appeal." F.F. 5-6.

Claimant appealed the referee's determination to the Board on September 10, 2019, arguing that he received the notice of determination after the appeal deadline had passed and that the referee failed to adequately assist him at the hearing. Petition for Appeal at 1, C.R. at 95; Brief in Support of Appeal, 9/10/19 at 1, C.R. at 98. Claimant asserted that on July 15, 2019, he informed a representative of the Department of Labor and Industry (Department) over the phone that he had not yet received the notice of determination, and that the representative told him the Department would send him another copy. Brief in Support of Appeal, 9/10/19 at 2, C.R. at 99. Claimant further stated that he "[did] not know how to fill out [s]ubpoenas to request the Department's [p]hone log," and requested assistance from the Department in obtaining this evidence. *Id.* Claimant asked that the Board either grant his appeal and award him benefits, or remand the matter in order for the referee to adequately assist him during another hearing and to subpoena the Department's phone logs. Brief in Support of Appeal, 9/10/19 at 3, C.R. at 100.

On October 22, 2019, the Board affirmed the referee's determination, adopting and incorporating the referee's findings and conclusions. Board's Decision & Order, 10/22/19 at 1, C.R. at 103. The Board did "not credit . . . [C]laimant that he just received the [d]etermination on July 26, 2019," and found that "[C]laimant did not provide a sufficient reason to accept his appeal as timely." *Id.* The Board

5

noted that "[C]laimant was not clear as to if he was alleging the [d]etermination was *delivered* on July 26, 2019, or if he *collected* it then." *Id.* (emphasis added). Further, the Board determined that Claimant's testimony about going back and forth to the hospital for his hand failed to demonstrate how he was prevented from checking his mail or from submitting a timely appeal. *Id.* Regarding Claimant's assertion that the referee failed to adequately assist him, the Board noted that "[a] [r]eferee is obligated only to advise a party of his legal rights" and need not advise him on evidentiary matters, help him develop alternative legal theories, or help him develop testimony. *Id.* The Board also noted that "[a] [r]eferee cannot serve as surrogate counsel and a party who [that] chooses to proceed without representation assumes the risk inherent in that decision." *Id.* The Board denied Claimant's request for a remand in order to permit the issuance of a subpoena, reasoning that Claimant should have secured the subpoena at the time of the hearing. *See id.* The Board further noted that it could not consider the phone logs submitted by Claimant, because they were not submitted into evidence at the hearing and were, therefore, "extra-record." *Id.* Thus, the Board determined that Claimant had a full and fair hearing, and that the established record sufficed to render an appropriate decision. *Id.*

On November 4, 2019, Claimant submitted a letter to this Court indicating his intention to appeal the Board's decision and attaching a copy of the Board's October 22, 2019 decision. Claimant's Letter filed 11/4/19. On the same date, Claimant submitted to the Board a request for reconsideration of its October 22, 2019 decision, contending that the Department's delay in sending the alleged second copy of the notice of determination constituted an administrative breakdown and that the Department's phone logs support his position. *See* Request for Reconsideration, 11/4/19 at 1-3 & 6, C.R. at 118-20 & 123. Claimant further

6

asserted that he was prejudiced by the referee's failure to properly counsel and assist him at the hearing. *See* Request for Reconsideration, 11/4/19 at 4-7, C.R. at 121-24. The Board denied Claimant's reconsideration request on November 20, 2019, Board's Order, 11/20/19, C.R. at 138; consequently, Claimant's appeal of the October 22, 2019 decision remained operative before this Court. *See* Pa.R.A.P. 1701(b)(3), Note. Claimant thereafter submitted an ancillary petition for review in order to perfect his appeal, as instructed by this Court. *See* Ancillary Petition for Review, 12/2/19; *see also* Pro Se Letter on How to Appeal, 11/6/19. Claimant did not appeal the Board's denial of the request for reconsideration.

Before this Court,[5] Claimant argues that the referee should have accepted his appeal *nunc pro tunc* on the basis of administrative breakdown, because "he did not receive a timely notice to appeal."[6] *See* Claimant's Brief at 18. Claimant contends that he provided the Board with "new evidence" in the form of phone logs documenting his communication with the Department, which "establish how he was misled, miscommunication and a breakdown in the administrative process[.]" *Id.* Claimant maintains that he informed the Department during a phone call with a representative on July 15, 2019, that he had not yet received the notice of determination. According to Claimant, the representative stated that he would be sent another copy of the notice, and he eventually received the notice on July 26, 2019. *Id.* at 21-22. Claimant further contends that his July 30, 2019 appeal was timely because it was filed within 15 days of the notice he received via phone on

---

[5] This Court's review is limited to a determination of whether substantial evidence supported necessary findings of fact, whether errors of law were committed, or whether constitutional rights were violated. *Johns v. Unemployment Comp. Bd. of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth. 2014); *see also* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

[6] Claimant presumably refers to the notice of determination.

7

July 15, 2019. *Id*. at 22.

Claimant also contends that the Board arbitrarily and capriciously failed to remand his case for additional findings after he brought to its attention new evidence of a breakdown in the administrative process, specifically his communication with the Department representative. Claimant's Brief at 18-19.[7] Claimant maintains "that the Board['s] own statute emphasize[s] that it can [r]emand for additional findings of fact if the appellant bring[s] to the Board['s] attention issues of new evidence of a breakdown in the administrative process," and that "the Board can consider issues on appeal from the referee's determination which were not raised or ruled upon in the referee's hearing . . . ." *Id.* at 19 (citing Section 101.107 of the Board's Regulations, 34 Pa. Code § 101.107).[8]

---

[7] Although Claimant quotes at length Section 101.111 of the Board's Regulations, 34 Pa. Code § 101.111, involving requests for reconsideration by the Board, Claimant does not specifically challenge the Board's denial of his request for reconsideration. *See* Claimant's Brief at 16-17. Claimant failed to reference the Board's denial of his reconsideration request in his ancillary petition for review or attach a copy of the Board's denial thereto. *See* Pa.R.A.P. 1513(d)(4), (7) (providing that "a petition for review shall contain . . . reference to the order or other determination sought to be reviewed, including the date the order or other determination was entered" and "a copy of the order or other determination to be reviewed, which shall be attached to the petition for review as an exhibit"). Further, Claimant failed to identify the Board's order denying his reconsideration request in the statement of the order in question portion of his appellate brief. *See* Pa.R.A.P. 2115(a) (stating that an appellate brief must identify "[t]he text of the order or other determination from which an appeal has been taken"). Thus, to the extent that Claimant's arguments pertaining to remand may be construed as a challenge to the denial of his reconsideration request, we note that such arguments are not properly before us. *See Voynow v. Unemployment Comp. Bd. of Review* (Pa. Cmwlth., No. 613 C.D. 2019, filed Sept. 25, 2020), slip op. at 3-4 & 5 n.5 (citing Pa.R.A.P. 1513(d)(4), (7)) (holding that this Court does not have jurisdiction to consider a denial of reconsideration that was not appealed).

Regardless, we note that Claimant's challenge to the Board's denial of his request for reconsideration lacks merit, as the "new evidence" Claimant seeks to introduce (phone logs documenting communication with the Department) was available at the time of the August 28, 2019 hearing. *See Dep't of Auditor Gen. v. Unemployment Comp. Bd. of Review*, 484 A.2d 829, 830 (Pa. Cmwlth. 1984) (holding reconsideration properly denied when additional evidence was available at time of referee's hearing).

[8] Section 101.107 of the Board's Regulations provides as follows:

8

Claimant further asserts that remand is necessary because the referee failed to render findings or a credibility determination with regard to his excuse for his untimely appeal. Claimant's Brief at 14-15 (citing *Stana v. Unemployment Comp. Bd. of Review*, 791 A.2d 1269 (Pa. Cmwlth. 2002)). Claimant, therefore, requests that this Court remand the matter to permit the issuance of additional findings of fact and credibility determinations, and to enable him to subpoena the Department's phone logs. Claimant's Brief at 31.

Section 501(e) of the Law provides that unless a claimant appeals a determination "within [15] calendar days after such notice . . . was mailed to his last known post office address, . . . such determination . . . shall be final and compensation shall be paid or denied in accordance therewith." 43 P.S. § 821(e). This 15-day appeal requirement is mandatory and subject to strict application. *Vereb v. Unemployment Comp. Bd. of Review*, 676 A.2d 1290, 1292 (Pa. Cmwlth. 1996). "Appeal periods, even at the administrative level, are jurisdictional and may not be

> (a) In connection with the consideration of an appeal to the Board from the decision of a referee, the Board may consider an issue in the case though not expressly ruled upon in the decision of the Department or the referee and though not previously raised in the claim or appeal proceedings. However, issues not previously considered or raised will not be considered by the Board, either upon application for, or in the determination of an appeal unless the speedy administration of justice, without prejudice to any party, will be substantially served thereby and are supported by the record.

> (b) The Board shall consider the issues expressly ruled upon in the decision from which the appeal was filed. However, any issue in the case, with the approval of the parties, may be determined though not expressly ruled upon or indicated in the notice of hearing, if the speedy administration of justice, without prejudice to any party, will be substantially served thereby and are supported by the record.

34 Pa. Code § 101.107.

extended as a matter of grace or indulgence; otherwise, there would be no finality to judicial action." *Shea v. Unemployment Comp. Bd. of Review*, 898 A.2d 31, 33 (Pa. Cmwlth. 2006); *see also Edwards v. Unemployment Comp. Bd. of Review*, 639 A.2d 1279, 1281 (Pa. Cmwlth. 1994). Thus, the "failure to file an appeal within [15] days, without an adequate excuse for the late filing, mandates dismissal of the appeal." *U.S. Postal Serv. v. Unemployment Comp. Bd. of Review*, 620 A.2d 572, 573 (Pa. Cmwlth. 1993).

However, "[a]n appeal *nunc pro tunc* may be permitted when a delay in filing the appeal is caused by extraordinary circumstances involving fraud, administrative breakdown, or non-negligent conduct, either by a third party or by the [claimant]." *Suber v. Unemployment Comp. Bd. of Review*, 126 A.3d 410, 412 (Pa. Cmwlth. 2015) (quoting *Mountain Home Beagle Media v. Unemployment Comp. Bd. of Review*, 955 A.2d 484, 487 (Pa. Cmwlth. 2008)). A breakdown in the administrative process occurs "where an administrative board or body is negligent, acts improperly or unintentionally misleads a party." *Hessou v. Unemployment Comp. Bd. of Review*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008) (quoting *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Review of Allegheny Cty.*, 746 A.2d 581, 584 (Pa. 2000)). "[T]he claimant bears a heavy burden to justify an untimely appeal." *Roman-Hutchinson v. Unemployment Comp. Bd. of Review*, 972 A.2d 1286, 1288 n.1 (Pa. Cmwlth. 2009).

Here, Claimant asserts that he did not receive the notice of determination until July 26, 2019, due to a breakdown in the Department's administrative process, thereby justifying his untimely appeal to the referee. *See* Claimant's Brief at 14 & 21-22. Although Claimant contended before the Board and again on appeal to this Court that the Department did not resend the notice of

10

determination until after the July 15, 2019 phone call, Claimant waived this assertion by failing to raise it before the referee. *See Dehus v. Unemployment Comp. Bd. of Review*, 545 A.2d 434, 436 (Pa. Cmwlth. 1988).

Further, we find baseless Claimant's contention that remand is necessary because the referee failed to render findings or credibility determinations with regard to his excuse for his untimely appeal. The Board adopted the referee's findings and conclusions, including that "[C]laimant did not file an appeal on or before July 24, 2019[,] but waited until July 30, 2019," and that he "was not misinformed nor in any way misled regarding the right of appeal or the need to appeal. . . ." F.F. 5-6; Board's Decision & Order at 1, C.R. at 103. Further, the Board declined to credit Claimant's testimony that he did not receive the determination until July 26, 2019, Board's Decision & Order at 1, C.R. at 103, and it is not within this Court's authority to disturb the Board's credibility findings. *Narducci v. Unemployment Comp. Bd. of Review*, 183 A.3d 488, 498 (Pa. Cmwlth. 2018) (noting that "[t]he Board is the ultimate fact finder in [unemployment compensation] cases and has the sole discretion to determine the credibility of witnesses[] [and] resolve conflicts in the evidence and is free to accept or reject the testimony of any witness in whole or in part"); *see also Waverly Heights, Ltd. v. Unemployment Comp. Bd. of Review*, 173 A.3d 1224, 1227 (Pa. Cmwlth. 2017).

Moreover, Claimant's reliance on *Stana* is misplaced. In *Stana*, we noted that neither the referee nor the Board made any findings or credibility determinations with regard to the claimant's excuse for her untimely appeal, and that permitting the claimant's appeal *nunc pro tunc* was dependent on those critical findings. As such, we vacated and remanded the matter to the Board, holding that "the referee's findings, adopted by the [Board], [were] insufficient for this [C]ourt

11

to exercise meaningful review of the [Board's] order." *Stana*, 791 A.2d at 1271-72 (footnote omitted). Here, the Board did not find credible Claimant's testimony as to when he received the determination. Moreover, whereas the claimant in *Stana* testified as to a specific reason for her untimely appeal, Claimant here provided none. Instead, Claimant testified that he tried to appeal "as quickly as [he] could" after receiving the notice of determination on July 26, 2019, but that he was "going back and forth to the hospital about [his] hand." T.T. at 5, C.R. at 40. Rather than asserting a breakdown of the Department's administrative process, Claimant merely explains his own negligence in failing to promptly collect the notice in the mail.

Claimant next contends "that the [r]eferee should and could have questioned [him] at the hearing about the type of notice he had besides the late written notice received on July 26, 2019." Claimant's Brief at 11. Emphasizing his *pro se* status, Claimant maintains that the referee should have developed the record more thoroughly and asked him about other types of contact he had with the Department concerning the issue of notice. *Id.* Claimant further asserts that the referee failed to inform him that he could subpoena Employer regarding other evidence.

Pursuant to Section 101.21(a) of the Board's Regulations, "[w]here a party is not represented by counsel the tribunal before whom the hearing is being held should advise him as to his rights, aid him in examining and cross-examining witnesses, and give him every assistance compatible with the impartial discharge of its official duties." 34 Pa. Code § 101.21(a). "In interpreting this regulation, the courts have held that, in addition to advising *pro se* parties of their rights and aiding them in questioning witnesses, referees should reasonably assist *pro se* parties to elicit facts that are probative for their case." *Hackler v. Unemployment Comp. Bd.*

12

*of Review*, 24 A.3d 1112, 1115 (Pa. Cmwlth. 2011).  One "component of a referee's reasonable compliance with the regulatory obligation to assist unrepresented parties is guiding the parties to bring out facts of which the referee knows or should know." *Id.* at 1116.  Nevertheless,

> [a]lthough the law requires that the referee reasonably assist in development of the facts necessary to render a decision, the referee is not required to become and should not assume the role of a claimant's advocate.  The referee need not advise an uncounseled claimant on specific evidentiary questions or points of law, nor need the referee show any greater deference to an uncounseled claimant than that afforded a claimant with an attorney.

*Stugart v. Unemployment Comp. Bd. of Review*, 85 A.3d 606, 609 (Pa. Cmwlth. 2014) (citations and quotation marks omitted); *see also Vann v. Unemployment Comp. Bd. of Review*, 494 A.2d 1081, 1086 (Pa. 1985) (stating that "any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing").

Here, Claimant contends that the "[r]eferee should have developed the record more thoroughly and asked [him] about other type[s] of contact he had with the [Department] concerning the issue of notice."  Claimant's Brief at 11.  Claimant presumably refers, at least in part, to his alleged phone call to the Department on July 15, 2019.  However, as noted above, a referee need only assist unrepresented parties in "bring[ing] out facts *of which the referee knows or should know*." *Hackler*, 24 A.3d at 1115 (emphasis added).  As Claimant did not provide testimony or other evidence regarding his communication with the Department, the referee had no reason to know of such communication and, consequently, bore no obligation to question Claimant regarding the alleged communication.  Nevertheless, the referee

13

duly attempted to elicit details from Claimant regarding whether the notice of determination arrived on July 26, 2019, or whether he neglected to collect it until that date. *See* T.T. at 5, C.R. at 40. Further, we find meritless Claimant's contention that the referee failed to inform him that he could subpoena Employer regarding evidence. Claimant's Brief at 12; *see Constantini v. Unemployment Comp. Bd. of Review*, 173 A.3d 838, 844 (Pa. Cmwlth. 2017) (finding meritless a *pro se* claimant's contention that the Board erred in failing to obtain and review alleged recordings of her telephone conversations with Department representatives where the claimant "did not request a subpoena for any recordings or raise this issue at the hearing" and also "waived the issue by not raising it before the [r]eferee and Board"). Moreover, the notice of hearing specifically advised Claimant regarding his ability to subpoena parties and documentary evidence. *See* Notice of Hearing, 8/13/19 at 3, C.R. at 30 (advising that if a "witness refuses to appear or provide documentary evidence, you may request that a subpoena be issued to assure the requested presence at the hearing," that "the [r]eferee will issue a subpoena if appropriate," and that "[r]equests for a subpoena must be made in writing").[9]

Given all of the above, Claimant is unable to establish that his untimely appeal to the referee resulted from extraordinary circumstances involving fraud, a breakdown in the administrative process, or his own non-negligent conduct. Because he failed to meet his heavy burden to justify an appeal *nunc pro tunc*, we

---

[9] We note that *Coates v. Unemployment Compensation Board of Review*, 676 A.2d 742 (Pa. Cmwlth. 1996), does not support Claimant's assertion that the referee should have continued the hearing after determining that Employer received the notice of hearing but declined to attend. *See* Claimant's Brief at 12. Unlike the matter *sub judice*, in *Coates*, "the referee failed to inform [the c]laimant that he could have requested a continuance of the hearing . . . in order to secure and present testimony from [his e]mployer," where the "[c]laimant clearly expressed a desire to obtain evidence from [the e]mployer" and we "determined that such evidence would have aided in the development of necessary factual determinations[.]" *Coates*, 676 A.2d at 744 n.3.

14

conclude that the Board did not err in affirming the referee's decision dismissing Claimant's appeal as untimely. *See Suber*, 126 A.3d at 412; *Roman-Hutchinson*, 972 A.2d at 1288 n.1. Accordingly, we affirm.

_____
CHRISTINE FIZZANO CANNON, Judge

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Antoine H. Reaves,
          Petitioner      :

                    :

          v.              :

                    :

Unemployment Compensation  :
Board of Review,           :   No. 1707 C.D. 2019
          Respondent  :

O R D E R

AND NOW, this 10th day of November, 2020, the October 22, 2019 order of the Unemployment Compensation Board of Review is AFFIRMED.

_____

CHRISTINE FIZZANO CANNON, Judge