IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd J. Morris, : CASES CONSOLIDATED
              Petitioner :
  :
      v. :
  :
Unemployment Compensation :
Board of Review, : Nos. 431-432 C.D. 2023
              Respondent : Submitted: July 5, 2024


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                            FILED:  August 20, 2024

Todd J. Morris (Claimant) petitions this Court, pro se, for review of the Unemployment Compensation (UC) Board of Review's (UCBR) February 7, 2023 orders affirming the Referee's decisions that dismissed his appeals as untimely.[1] The sole issue before this Court is whether the UCBR erred by dismissing Claimant's appeals as untimely. After review, this Court affirms.

On February 4, 2021, the Department of Labor and Industry (Department) issued a Notice of Determination to Claimant granting Claimant UC benefits, but reducing his eligibility for benefits by $503.00 per week under Section

---

[1] Claimant appealed from two separate Department of Labor and Industry determinations. The first decision concerned his eligibility for UC benefits, and the second decision concerned his non-fault overpayment. The Referee held one hearing for both docket numbers, but issued two nearly identical decisions. The UCBR also issued two separate, but nearly identical decisions. By August 18, 2023 Order, this Court granted the UCBR's Application for Relief seeking to consolidate the cases.

402(h) of the UC Law (Law).[2] *See* Certified Record (C.R.) at 122-124. On February 8, 2021, the Department issued a Notice of Determination to Claimant establishing a $7,106.00 non-fault overpayment of UC benefits pursuant to Section 804(b) of the Law.[3] *See* C.R. at 89-91. In February 2021, Claimant received both determinations (collectively, Determinations), which notified him that February 19, 2021, and February 23, 2021, respectively, were the final days to file a valid appeal. Claimant did not appeal from either Determination by the specified appeal dates because his overpayment was classified as non-fault, and he had returned to work by then. On June 2, 2021, the Department mailed Claimant a billing statement for his overpayment.[4] *See* C.R. at 5. Claimant appealed from the Determinations on August 30, 2021.

The Department assigned the appeals to a Referee who conducted a hearing on October 18, 2021. On October 20, 2021, the Referee dismissed Claimant's appeals as untimely under Section 501(e) of the Law.[5] Claimant appealed to the UCBR. On February 7, 2023, the UCBR affirmed the Referee's

---

[2] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(h) (An employee is ineligible for UC benefits for any period "[i]n which he is engaged in self-employment[.]").

[3] 43 P.S. § 874(b).

[4] The June 2, 2021 billing statement is not in the certified record, nor did Claimant testify regarding the same. However, it appears that the billing statement is the reason Claimant inadvertently believed he was required to pay the overpayment to the Department and the reason he eventually filed the appeals. As stated by the UCBR in its brief: "While claimants are not **required** to repay a non-fault overpayment, nothing prohibits the Department from encouraging voluntary repayment so that funds will be available to the claimant when needed in the future. This billing statement was not a 'notification of [Claimant's] requirement to repay.'" UCBR Br. at 11 n.8 (quoting Claimant's Br. at 8) (emphasis added).

[5] 43 P.S. § 821(e). Effective July 24, 2021, the Act of June 30, 2021, P.L. 173, amended Section 501(e) of the Law to increase the time to file an appeal from a UC decision from 15 to 21 days. However, at the time of the Department's Determinations in the instant case, Section 501(e) of the Law still required a party to file an appeal within 15 days.

decisions. Claimant filed a Request for Reconsideration, which the UCBR denied. Claimant appealed to this Court.[6]

> Initially,
>
> [a]t the time of the . . . [D]etermination[s] in this case, Section 501(e) of the Law required that a claimant appeal a Department determination within 15 days after the notice was mailed to the claimant's last known post office address. 43 P.S. § 821(e). [This Court] ha[s] previously held that the 15-day period "is mandatory and subject to strict application." *Vereb v. Unemployment Comp. Bd. of Rev.*, 676 A.2d 1290, 1293 (Pa. Cmwlth. 1996). If an appeal from a Department determination is not filed within the 15-day period, the determination becomes final, and the [UCBR] does not have the requisite jurisdiction to consider the merits of the matter. *Id*.

*Walthour v. Unemployment Comp. Bd. of Rev.*, 276 A.3d 837, 842 (Pa. Cmwlth. 2022); *see also Carney v. Unemployment Comp. Bd. of Rev.*, 181 A.3d 1286, 1288 (Pa. Cmwlth. 2018) ("Failure to file a timely appeal as required by Section 501(e) of the [] Law is a jurisdictional defect."); *Russo v. Unemployment Comp. Bd. of Rev.*, 13 A.3d 1000, 1003 (Pa. Cmwlth. 2010) ("A statutory appeal period is mandatory and may not be extended as a matter of grace or mere indulgence.").

However, "[a]n untimely appeal may be permitted in limited circumstances." *Walthour*, 276 A.3d at 842. This Court has explained,

> [a]n appeal *nunc pro tunc* is only warranted . . . in extraordinary circumstances "involving fraud or some breakdown in the court's operation," or where the delay is caused by non-negligent circumstances either by the claimant or a third party. *Cook v. Unemployment Comp.*

---

[6] This Court's "'review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether the findings of fact were unsupported by substantial evidence.' *Miller v. Unemployment Comp. Bd. of Rev*[.], 83 A.3d 484, 486 n.2 (Pa. Cmwlth. 2014)." *Talty v. Unemployment Comp. Bd. of Rev.*, 197 A.3d 842, 843 n.4 (Pa. Cmwlth. 2018).

*Bd. of Rev.*, . . . 671 A.2d 1130, 1131 ([Pa.] 1996) (internal quotations omitted) (quoting *Bass v. C[ommonwealth]*, . . . 401 A.2d 1133, 1135 ([Pa.] 1979)). The Pennsylvania Supreme Court characterized administrative breakdown as occurring when "an administrative body acts negligently, improperly[,] or in a misleading way." *Union Elec. Corp. v. Bd. of Prop. Assessment, Appeals & Rev.*, . . . 746 A.2d 581, 584 ([Pa.] 2000). Where non-negligent circumstances cause the untimeliness of an appeal, the appeal must be filed within a short period of time after learning of the untimeliness. *Cook*, 671 A.2d at 1131. It is well[ ]settled that the burden of demonstrating the necessity of *nunc pro tunc* relief is on the party seeking to file the appeal, and the burden is a heavy one. *Blast Intermediate Unit No. 17 v. Unemployment Comp. Bd. of Rev.*, . . . 645 A.2d 447, 449 ([Pa. Cmwlth.] 1994).

*Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229-30 (Pa. Cmwlth. 2021).

In the instant matter, Claimant argues that he did not timely appeal from the Determinations because he was originally notified that he did not have to repay the non-fault overpayment. Upon later being notified otherwise, Claimant filed his appeal. Based on the above, the UCBR concluded:

[C]laimant did not appeal by [February 19, 2021, and] February 23, 2021, [respectively,] because his overpayment was classified as non[-]fault and then he returned to work, neither of which justifies a late appeal. Further, soon after June 2, 2021, [] [C]laimant received a billing statement for his overpayment, but still did not file an appeal for nearly two months, negating whatever justification he would have initially had.[7]

---

[7] This Court reiterates, the Department issued Claimant notice of a **non-fault** overpayment. Section 804(b)(1) of the Law provides:

Any person who other than by reason of his fault has received with respect to a benefit year any sum as compensation under [the Law] to which he was not entitled **shall not be liable to repay such sum** but shall be liable to have such sum deducted from any future compensation payable to him with respect to such benefit year, or

4

C.R. at 115. This Court finds no error in the UCBR's conclusion.

Because Claimant filed his appeals from the Determinations over six months after the appeal deadlines, and the late appeals were not caused by fraud, a breakdown in the administrative process, or by non-negligent conduct, the UCBR did not have jurisdiction to consider the merits of the matters. Accordingly, the UCBR properly dismissed Claimant's appeals as untimely.

For all the above reasons, the UCBR's orders are affirmed.

_____
ANNE E. COVEY, Judge

---

the three-year period immediately following such benefit year, in accordance with the provisions of this paragraph.

43 P.S. § 874(b)(1) (emphasis added).

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Todd J. Morris,                                  :     CASES CONSOLIDATED
                          Petitioner             :
                                                 :
            v.                                   :
                                                 :
Unemployment Compensation                        :
Board of Review,                                 :     Nos. 431-432 C.D. 2023
                          Respondent             :

### O R D E R

AND NOW, this 20th day of August, 2024, the Unemployment Compensation Board of Review's February 7, 2023 orders are affirmed.

_____
ANNE E. COVEY, Judge